Warner v. Griswold.

---

### WARNER & POST vs. GRISWOLD.

Where a *partnership* exists between two *attornies*, and a suit is prosecuted by them in the name of one of the partners only as the *attorney of record*, an action may be maintained in their *joint names* against their client for the recovery of the costs of the suit.

ERROR from the New-York common pleas. This was an action of assumpsit, brought by Warner and Post against Griswold, to recover the amount of a bill of costs in a suit prosecuted by them for Griswold. The plaintiffs were *partners* as *attorneys*, and commenced and prosecuted a suit for Griswold; in the prosecution of it, the name of Mr. *Post* alone was used, and his name alone appeared on the record as the attorney for

NEW-YORK,
May, 1832.

Warner
v.
Griswold

the plaintiff. The plaintiffs were equally interested in the tax-able costs of all *common law* suits prosecuted by them ; they proved the amount of the bill as taxed, and rested. The defendant moved for a nonsuit, on the ground that inasmuch as Mr. *Post* alone was *attorney of record,* he alone was entitled to the taxable costs, and the plaintiffs could not join in an action for the recovery of such costs ; the motion was granted, and the plaintiff were *nonsuited,* who sued out a writ of error.

*H. W. Warner,* for plaintiffs in error.

*D. D. Field & R. Sedgwick,* for defendant in error.

*By the Court,* SUTHERLAND, J.   A partnership between attornies is admitted to be lawful.   Like other partnerships, it may be composed of two or more individuals, and all will be responsible for the acts of each, within the scope of the partnership.   They constitute but one person in law.   If one of two attorneys, who are partners, receives money collected for a client, and embezzles or absconds with it, that will form no defence to the other partner.   If one should be guilty of extortion, the other would be liable to repay what had been illegally received.   If a suit instituted in the name of one, should be unskilfully conducted, the other would be responsible to the client in an action for his damages.   7 Cowen, 416. 8 id. 258. Both would undoubtedly be liable to the officers of the court, or others, for services rendered in suits conducted in the name of one.   Indeed, every *responsibility* which belongs to other partnerships attaches also to this ; and no reason is perceived why the general rules by which the course of proceedings in such cases is regulated, should not also apply.   The statute regulating the fees of attorneys, does not appear to me to affect the question arising in this case.

I am not prepared to say that an action may not, in a case like this, be maintained in the name of the attorney on record only, and that the other attorney may not be considered and treated as a dormant partner.   It is well settled, that though a dormant partner *may* join in an action instituted by the firm, yet his non-joinder is not a ground of nonsuit, nor can it be

taken advantage of in any other way. Gow on Part. 153, and cases there cited.

The cases put by the counsel for defendant in error are not analogous to this. Although a public officer may agree, upon a sufficient consideration, to share his fees with a third person, such agreement will not constitute them partners. There can, I apprehend, be no such thing as a partnership in a public office. Public policy forbids it.