DOUGHERTY v. VAN NOSTRAND.

GENERAL principles of the court in settling a partnership concern as to extra allowances, interest, and commissions. A leasehold interest is to be disposed of as other property.

The good will of a trade does not survive, but is partnership property. *Douglass* v. *Hammond*, 5 *Vesey*, 539, not law. The court cannot compel the continuing partners to take the lease and good will at a valuation. If not disposed of by consent, the lease and good will must be sold like other partnership effects.

July 12, 13. 15.   *Mr. Dunscombe* and *Mr. D. B. Ogden*, for complainant.

*Mr. Western*, for defendants.

THE ASSISTANT VICE-CHANCELLOR :—The bill in this cause is filed to settle the accounts of a partnership dissolved by its own limitation.

An order of reference must be made ; but there are some few points which have been argued here, and as to which a direction should be given. *First*—As to the claim on behalf of Hoople for an extra allowance.

A partnership is fully established without resorting to the articles of agreement drawn up in July or August, 1834, which the defendants insist contain the only proof of such a connection. The entry in the journal under date of the 1st of February, 1834, the admitted day of its commencement, is decisive. It contains all the material terms of the partnership, except that its duration is left in blank. It is there stipulated that all gains and losses are to be equally divided. The period of its continuance is supplied by other testimony. Thus full evidence is afforded of a partnership, independent of the articles ; and in the document furnishing such evidence, no provision is made for any extra allowance to Hoople. The articles subsequently drawn up contain such a provision. It is sufficient to say that the complainant never signed them, and I find no ground for concluding that his partners supposed he

had done so, or acted upon the faith of such supposition, and that his signature had been fraudulently withheld.

It is the settled law of the court, that no extra allowance can be made to one partner for services, unless provided for in the articles, or by special agreement.

2. As to interest, there cannot be a question that the continuing partners, when allowed or authorized to wind up the business, are entitled to interest when in advance, and chargeable with it when in funds.

3. As to commissions, the case of *Wilson* v. *Greenwood*, 1 *Swanston*, 483, is in point, that a salary should not be allowed when a partner is made the manager.

4. The disposition of the lease taken by the firm from E. W. King, is a subject of more difficulty. The partnership was to endure for two years from the 1st of February, 1834. The previous firm of Van Nostrand & Hoople had taken a lease of the premises, but upon Van Nostrand's application the lease was surrendered, and another one executed to the new firm composed of the complainant and defendants. It will expire in 1844. Of course this became the property of the firm. It had no effect in prolonging the partnership; but upon its expiration as limited, was to be disposed of as other property by agreement, or according to the course of this court. (*Featherstonaugh* v. *Fenwick*, 17 *Vesey*, 307. *Alcock* v. *Taylor*, *Tamlyn's Rep.* 506.)

It is urged by the defendants, that they are to have the benefit of the good will of the trade carried on upon the premises, and to obtain all their rights, that they are entitled to an inquiry as to the value of the leasehold and good will on the day of the dissolution, and to charge the defendants with the amount.

It is to be noticed that the defendants upon the dissolution formed a new firm, retained possession of the premises, and carried on there the new business, as well as wound up the old.

The good will of a trade is called by Lord Eldon the probability that the old customers will resort to the old place. (*Curtwell* v. *Lee*, 17 *Vesey*, 346.) In *Douglass*

1839.

Dougherty
v.
Van Nostrand.

v. *Hammond*, (5 *Vesey*, 539,) it was held that where there was a partnership without articles, and death of one partner, the good will survived, and was not joint property in which the executors could participate.

There is, however, an observation of Sir Samuel Romilly, in *Crawshaw* v. *Collins*, (15 *Vesey*, 224,) exactly applicable to the present case, and which I apprehend is the law of the court. " The other point," he says, "deter- " mined in *Douglass* v. *Hammond*, that the good will " survives, is certainly very doubtful. It is difficult to see " how the good will, consisting of the habit of the trade " being carried on in the same place, can be distinguished " and separated from the lease of the house." Lord Eldon, (p. 227,) concurs in this doubt. (See *Farr* v. *Pearce*, 3 *Mad. Rep.* 76.)

In the present case there is a lease plainly partnership property, to which the good will certainly attaches. Upon a sale, the good will of course enters into the value of the lease, and enhances the purchase money. In truth, in a lease of a trading establishment it constitutes a large part of the value.

But the court I apprehend cannot compel the continuing partners to take the lease and good will at a valuation. That would be compelling them to become purchasers. The right of having a sale must be reciprocal.

My only embarrassment in this case arises from the application made on behalf of the complainant for a sale of this leasehold interest, at a period when a high price could have been obtained for it. The order then made is of course not examinable by me, and no doubt it was founded upon reasons satisfying the court that it was for the interest of the joint concern that the business should be wound up on the premises. Still it is certain, that a proportion of the benefit from the occupation of the premises was received by the defendants in carrying on the affairs of their new firm.

The equity on this head will be reached by directing the master to ascertain what proportion of the rent reserved in the lease from Elisha W. King, should be borne

by the defendants separately as members of the firm of Van Nostrand & Hoople, and to allow the difference to the defendants in the account as partners and receivers.

The other inquiry I suggested at the hearing, as to whether a larger rent than that reserved, could at any time have been obtained, I consider excluded by the order of the court, deciding that a continued occupation of the premises was necessary or expedient.

It only then remains to dispose of the lease at public sale, unless a private agreement should be made respecting it. It has been suggested that it would not now sell for any thing. If so, as all the parties will continue liable to the lessor, some other disposition must be made. Should the defendants elect to remain in possession, perhaps there might be an apportionment of the rent payable.

But I reserve all further consideration of this point until the report of the master shall come in.