THE CORTLAND HOWE VENTILATING STOVE COMPANY, Respondent, *v.* HEZEKIAH HOWE and Others, Appellants, Impleaded with CHARLES H. DUELL, as Administrator, etc., of R. HOLLAND DUELL, Deceased, and Others.

*Contract — reformation — proof of the value of a patent — fraud, proof that representations were relied upon — amendment of a complaint on appeal.*

Where an action is brought to reform a contract, and the oral evidence, the resolutions passed by the plaintiff's trustees and the record in its books furnish clear evidence that the written contract does not contain the actual agreement which was entered into between the parties, a case is made for a reformation thereof.

A witness who is familiar with stoves, their manufacture and sale, may state the value of a patent relating to stoves.

Where, in an action brought to reform a contract, providing for the sale of a certain patent, there are allegations of fraud, a witness for the vendee may state that, in purchasing the patent and in making the contract relative to it, he relied upon and believed the representations of the vendors made with reference to the patent.

*Semble*, that an appellate court may, on an appeal to that court, allow an amendment of a complaint in a proper case.

APPEAL by the defendants, Hezekiah Howe and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cortland on the 27th day of May, 1892, upon the report of a referee.

This action was brought to obtain the reformation of a certain contract entered into between the plaintiff and the defendant Howe

so that the same should express what was alleged to be the actual agreement between the parties.

The judgment in the action reformed the contract set out in the complaint so as to conform to the agreement of the parties " by so altering, correcting and reforming the same * * * as that it shall read, state and provide that the royalties of one dollar on each stove made, or caused to be made, by said plaintiff to the number of 75,000, to be paid by the said corporation, the plaintiff, to the said Howes, their heirs or assigns, or to such person or persons as they may direct, shall be payable only upon stoves made, or caused to be made, by said corporation, the plaintiff, under the letters patent of the United States, issued to said Hezekiah Howe under date of September 25, 1883, and numbered 285,485, instead of upon all stoves made, or caused to be made, by said plaintiff," and for costs of the action.

*Smith & Dickinson*, for the appellants.

*B. T. Wright* and *O. U. Kellogg*, for the respondent.

HARDIN, P. J.:

Voluminous appeal books are presented to us containing evidence which satisfactorily sustains the findings of fact made by the referee.

In July, 1887, the defendants Howe were the owners of certain letters patent described in the complaint. By their efforts, in connection with other persons, the plaintiff was organized under the Manufacturing Act of 1848, and a certificate was signed and filed, and Caleb B. Hitchcock was elected president, and Frank W. Collins was elected secretary and treasurer. The amount of the capital stock was $180,000. In August, 1887, an oral agreement was made between the defendants Howe on the one part and the corporation on the other, whereby the Howes agreed to sell and transfer to the corporation all their right, title and interest in the said letters patent and in certain inventions, patterns, castings, designs, cuts and drawings, and all their right, title and interest in and to a certain contract in writing between the Howes on the one part and the Howe Ventilating Stove Company, of Fulton, on the other, and all the benefits and interests accruing to the Howes or their assigns there-

under subsequent to July 6, 1887, and the plaintiff corporation agreed to purchase the same and to pay the Howes therefor the sum of $150,000 in the capital stock of said corporation to be issued and delivered to them, and in royalties at the rate of one dollar for each and every stove manufactured by said company, or caused to be manufactured by it under said letters patent, up to the number of 75,000.

At a meeting of the trustees of the corporation held on the 1st of August, 1887, the defendant Benedict, who had been employed by one or both of the parties to the said oral agreement, to reduce the same to writing, read his draft of the same in which it was stated that the royalties to be paid by the company " to the said Howes shall be at the rate of $1.00 per stove on all stoves made by the said company at its works in Cortland or caused by it to be made elsewhere." It was then stated at the said meeting that the proposed contract was not in accordance with the terms of the agreement of the parties, and thereupon resolutions were written out and adopted at the meeting and were afterwards entered by the secretary in the records of the proceedings of the meeting.

The resolutions were as follows: " On motion of Mr. William Howe, *Resolved*, That the contract with the Messrs. Howe Brothers and their wives for the transfer of their patent, etc., to this company be rewritten so as to show clearly the original intention and agreement, viz.: That the company are to issue to said Messrs. Howe and their wives, in consideration of such transfer, $150,000 of the stock of this company and pay them a royalty of one dollar on each stove made or caused to be made by this company under such patents up to the number of 75,000, preserving other features of the agreement." " On motion of Mr. Clark, *Resolved*, That Mr. Benedict be authorized to superintend the preparation of the contract with Messrs. Howe and their wives, and the signing of the same, and the issue of the stock pursuant to the same."

When these resolutions were adopted there were present at the meeting Hitchcock, Rickard, H. Howe, William Howe, William H. Clark, Theodore Stevenson, F. W. Collins and B. A. Benedict. It is found by the referee, " Each of the foregoing resolutions was deliberately considered, fully understood by the persons present at said meeting and was adopted without dissent." Very soon after

FOURTH DEPARTMENT, DECEMBER TERM, 1895. [Vol. 92.

the adoption of such resolutions Mr. Benedict drew duplicate copies of what purported to be the agreement between the defendants Howe and the corporation, expressing therein, however, that the royalty of one dollar per stove was to be paid on all stoves made or caused to be made by the plaintiff, instead of upon all stoves made or caused to be made by the plaintiff under the Howe patent, as was agreed. Thereupon the duplicates which constitute the contract as set forth in the complaint were executed by Hitchcock on behalf of the corporation, and by the defendants Howe, and it is found that Hitchcock and the Howes, in executing the said duplicates, "acted with full knowledge that the said duplicates were drawn, as above stated, and that, in that respect they did not conform to the agreement of the parties, and the direction contained in the said resolutions adopted at the meeting of August first, and also with the purpose and design of furthering the interests which said Duell & Benedict and Hitchcock, respectively, had under their said agreements with the Howes in respect to said royalties, and with the intent of defrauding the said company in that respect."

It is also found by the referee that "The defendant Hitchcock, in executing said duplicates, as president of said company, acted without authority, and in disregard and violation of the express direction of said company and its trustees, as was well known to the said Howes."

Other formal facts are found by the referee, and he then found as conclusion of law that "The plaintiff is entitled to a judgment reforming said contract (a copy of which, Exhibit A, is attached to the complaint herein) so as to conform to the true agreement of the parties, to wit, by so altering it as that it shall provide that the royalties of one dollar on each stove to the number of 75,000, to be paid by the said corporation to the said Howes, shall be upon the stoves made or caused to be made by said corporation under the said Howe patent, instead of upon all stoves made or caused to be made by said corporation."

Inasmuch as the plaintiff was not organized for the purpose of manufacturing stoves under the Howe patent exclusively, it is not very probable that there was any occasion for its entering into an agreement to pay royalties on stoves not manufactured under the Howe patent. The oral evidence and the original resolutions and

the record of the books of the company furnish clear and satisfactory evidence that the instrument in question did not contain the actual agreement entered into between the parties. We think the evidence is sufficient under the somewhat stringent rules in respect to proofs to be given in an action for the reformation of a contract. The rule to be applied in a case where the reformation of a contract is sought is stated in *Born* v. *Schrenkeisen* (110 N. Y. 59), and in *Devereux* v. *Sun Fire Office* (51 Hun, 147). (See *Southard* v. *Curley*, 134 N. Y. 148.)

Our attention is invited by the appellants to the case of *The Allison Brothers' Company* v. *Allison* (63 N. Y. St. Repr. 1). Upon careful attention being given to that case it is not apparent that the testimony offered there was as strong or as satisfactory as the evidence found in the appeal book before us. We are unable to see that that case contains any rule of law or of evidence that requires us to interfere with the findings of fact made by the referee. Some criticism is made by the appellants upon the complaint. In looking into it we find that it states very fully and clearly the facts which were important to form the basis for the relief granted by the referee. Under all the proofs before the referee and now presented to this court upon the essential features of the case, if an amendment of the complaint was required, there is authority for saying it might now be made.

In *Born* v. *Schrenkeisen* (110 N. Y. 59), near the close of the opinion, it was said: " The elements for a reformation all existed in the record, and the judgment may now be so modified as to grant a reformation. It is clear that the case was tried upon the assumption by both parties that if the defendants proved the facts alleged in their answer, they were entitled either to a dismissal of the complaint or to a reformation of the written agreement." In that case a judgment was allowed " to reform the agreement in accordance with the findings of fact."

(2) Complaint is made by the appellants of a ruling which allowed in evidence a certified copy of letters patent issued to one Eugene L. Messenger in November, 1886. Before such letters were offered considerable evidence had been given upon the question of alleged fraudulent acts in respect to the reformation of the plaintiff in which some of the defendants are alleged to have participated.

The referee when receiving the evidence observed : " The evidence is admissible ; its effect to be considered afterwards upon the issue of fraud." We think the exception taken to the ruling does not present any error which requires us to interfere with the decision of the referee.

Frank W. Collins, the secretary and treasurer of the plaintiff, was called as a witness, and, after giving testimony showing his familiarity with stoves and the manufacture thereof and the sale of them, he was allowed to state what was the value of the Howe patent, against the objection and exception of the appellants. We think the witness was sufficiently familiar with the subject-matter involved in the question to render his evidence competent. The force and effect to be given thereto were for the referee to determine after all the facts disclosed by him were considered. We think the exception does not present error. Nor do we think it was error to allow the witness Clark to state that in purchasing the Howe patent, and in making the contract, he relied upon and believed the representations of the Howes with reference to the patent.

It seems that before this action was brought the Howes brought an action against the plaintiff upon a written contract, and the corporation appeared and interposed a demand for reformation of the contract, and as the case was approaching trial an application was made to discontinue that action. Objection being made to that discontinuance, as a counterclaim asking for reformation of the contract had been set up, and in response to that objection proof was made that the plaintiffs in that action were prosecuting one against the trustees of the corporation and to recover royalties claimed to be due under the contract. The defendants in that action then insisted that the question as to the reformation of the contract ought to be first determined before the action for recovery of royalties should be tried, and it seems to have been agreed that the question as to whether the written contract did or did not correctly state the agreement made between the parties should be determined in an action brought for that purpose, and thereupon it was agreed that this action should be brought and that it should be referred, with the action for royalties, to the same referee, and that the question as to the reformation of the contract should be first determined. In the order entered at Special Term the 21st of April, 1890, it was pro-

vided that upon the action " to reform said contract being brought" that the action for royalties should be tried before the same referee, " and that the referee shall first determine the issues for the reformation of said contract before determining the other issues in said action." During the trial the referee seems to have doubted his power to authorize an amendment of the complaint. Upon the pleadings as they were, and upon the proofs as given, and under the arrangement entered into by the parties in respect to the trial of the question as to the reformation of the agreement mentioned above, we are of the opinion that the denial of the motion to amend the complaint did not work any harm to either of the parties. (*Christopher & Tenth St. R. R. Co.* v. *Twenty-third St. R. R. Co.,* 78 Hun, 472.)

We are of the opinion that the appellants' learned counsel is in error when he supposes the court had made " a new contract for the parties." On the contrary, upon the evidence entirely satisfactory to the referee, and which meets with our approval, the decision of the referee is such as that it conforms the written contract to the actual agreement entered into between the plaintiffs and the appellants according to well-settled rules of equity. (*Pitcher* v. *Hennessey,* 48 N. Y. 415; *Born* v. *Schrenkeisen,* 110 id. 55; *Devereux* v. *Sun Fire Office,* 51 Hun, 153.)

The judgment must be affirmed, with costs against the appellants.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs against the appellants.