(15 Misc. Rep. 595.)

MASON et al. v. DAWSON et al.

(Supreme Court, Special Term, New York County. January, 1896.)

PARTNERSHIP—RIGHTS OF SURVIVING PARTNER—FIRM NAME.

On dissolution of a partnership by the death of one of the partners, the firm name is not a part of the good will of the business, in which the estate of the deceased partner is entitled to share, but it belongs solely to the surviving partners.

Action by Joel S. Mason and Charles A. Flammer, as executors of the last will and testament of Joel W. Mason, deceased, against John Dawson and John T. Smith, for an accounting. Plaintiffs move for the appointment of a receiver pendente lite. Denied.

Leeds, Patrick & Ironside, for plaintiffs.
John F. Clarke, for defendants.

BEEKMAN, J. This action is brought by the executors of a deceased partner against the surviving members of the firm of J. W. Mason & Co. for an accounting, and the appointment of a receiver to wind up the affairs of the copartnership. A motion is now made for the appointment of a receiver pendente lite. It is provided by the articles of copartnership that:

"In the event of the death of either of the partners, the business shall be closed by the surviving partners as soon as possible, but without prejudice to its interest, of which the surviving partner or partners shall be the judges; but the executors, administrators, and assigns of the deceased member shall have access to all the books and papers of the concern, and shall have the right to require and receive written statements every three months as to the condition of the business, but the time of closing the business shall not extend beyond one year from the death of the partner without the written consent of all of the surviving partners, together with the consent of the executors, administrators, and assigns of the deceased partner."

It will thus be seen that the defendants were entitled, not only as a matter of law, independent of any agreement, but also by vir-

tue óf an express provision contained in the articles, to wind up the affairs of the copartnership. Unless, therefore, it clearly appears that the surviving partners are not properly performing their duties in this regard, the court will not interfere, and deprive them of their right by appointing a receiver. The remedy is a drastic one, and experience seems also to show that the administration of business affairs through such an agency is frequently attended by large expense and unfavorable results. I do not think that the facts on which the application is made are sufficient to justify me in granting the application. There is no charge of fraud against the surviving partners; nor is there any specific proof that they are wasting the assets of the concern; nor is there any allegation that they are insolvent, or would be unable to respond for any liability incurred by them in respect to their management of the copartnership affairs. While there is some suggestion of a lack of readiness to comply with the requirements of the copartnership articles, in rendering accounts to the executors of the deceased partner, the proof is not sufficient to justify me in finding that there has been a violation of that duty. It is also true that more than one year has expired since the death of Mr. Mason, and the business has not yet been closed as required by the articles. But the proofs tend to show that the defendants, in this respect, acted in good faith, believing that the interests of all concerned would be greatly prejudiced by a close observance of this requirement. In this respect the defendants may have been remiss, but as they have since expressed their intention to close out the business forthwith, and to realize upon its assets, I do not think that this circumstance, of itself, calls for the appointment of a receiver. In fact, an examination of the affidavits presented by both sides clearly shows that the only substantial dispute between the plaintiffs and the defendants arises out of a claim made by the plaintiffs—which the defendants deny—that, in selling the assets and good will of the partnership, the right to a continued use of the copartnership name should be transferred with the good will. The defendants insist that, as surviving partners, they alone are entitled to continue the use of the old copartnership name. If the plaintiffs are right in their contention, I think a sufficient reason for the appointment of a receiver would exist, but I find myself unable to adopt the view which they have taken. The firm name of "J. W. Mason & Co." was not a trade-mark, and the cases dealing with the transferability of names when used for such a purpose are therefore inapplicable. The weight of authority seems to support the view that the right to continue the use of the copartnership name is one which vests exclusively in the surviving partners. Caswell v. Hazard, 121 N. Y. 484, 24 N. E. 707; Blake v. Barnes (Sup.) 12 N. Y. Supp. 69. The statute authorizing the continued use of the copartnership name was rendered necessary by the pre-existing statutory provision forbidding the use of a name in a copartnership title which was not that of one of the partners. The prohibition, therefore, continues in force, except in so far as it has been so modified; and that modification extends only to cases of firms having business relations with

foreign countries, or which have transacted business in the state for a period of three years or upwards, where the business shall be continued by some or any of the partners, their assigns or appointees. In cases of a dissolution by the death of one of the partners, I think it is quite plain that it was the legislative intent that the right to the continued use of the old firm name should pass to and be controlled by the survivors. In the case of Blake v. Barnes, supra, this same question was quite elaborately discussed by Mr. Justice Barrett, who came to the conclusion "that, while the good will is concededly an asset, the right to continue the business under the old firm name belongs to the surviving partners."

While I am of the opinion, as I have said, that the facts upon which this application is based are not sufficient to justify the appointment of a receiver, I think that the plaintiffs are entitled to have the affairs of the partnership immediately wound up, its assets disposed of, and a distribution made. I am therefore disposed, in denying the motion, to grant leave to renew the same upon additional proofs, should there be any unreasonable delay in the matter. Ordered accordingly.