(20 Misc. Rep. 211.)

### KIRKMAN et al. v. KIRKMAN.

(Supreme Court, Special Term, Kings County.  May, 1897.)

PARTNERSHIP—GOOD WILL—DEATH OF PARTNER.

> The estate of a deceased partner is entitled to compensation for his proportionate share of the good will from the surviving partners, who continued the business, where the firm owned premises in which its business was transacted, and the partnership agreement provided that on the death of a partner the value of his estate should be ascertained and paid by the survivors, if they desired to continue the business.

Action by Alexander S. Kirkman and others, surviving partners, against Mary Louise Kirkman, as administrator of the deceased partner, to have the value of decedent's interest fixed and paid.

Bowers & Sands, for plaintiffs.
Hirsh & Rasquin, for defendant.

GAYNOR, J.  It seems to be the modern rule, that while the firm name belongs to surviving partners, the good will is property in which the representatives of a deceased partner participate. Dougherty v. Van Nostrand, 1 Hoff. Ch. 68;  2 Lindl. Partn. 443; 3 Kent, Comm. 64.  In this case there was something for good will to attach to, as the partnership owned the place of business.  Also, the partnership articles provide that the value of the interest of the deceased partner shall be ascertained and paid (i. e. if the survivors continue the business), and that is the object of this suit. The effect of such agreement is, I think, to prevent the survivors from continuing without purchasing such interest; and unless they do so, the good will and all of the partnership would have to be sold.  That makes the share of the deceased in the good will of substantial value.  Except for this agreement, I do not see that it would be of more than nominal value, for the right which the survivors would otherwise have to continue in the same place under the old name would absorb it.  A sale of the good will apart from such right would bring nothing.  I think the good will and trademark may be found to be of the value of $15,000, with reasonable certainty;  of which the share of the deceased partner is 30 per cent.