KIRKMAN et al. v. KIRKMAN.

(Supreme Court, Appellate Division, Second Department. February 15, 1898.)

PARTNERSHIP—VALUE OF GOOD WILL—EXPERT EVIDENCE.

Opinion evidence of experts is not competent to prove the value of the good will of a firm of manufacturers.

Appeal from special term, Kings county.

Action by Alexander S. Kirkman and another against May Louise Kirkman (individually and as administratrix of John Kirkman, deceased) and another, to have the title to certain lands freed from any trust in favor of John Kirkman, deceased (a former partner of plaintiff), or his legal representatives. From a judgment in favor of plaintiffs, rendered after trial at special term (45 N. Y. Supp. 373), defendant May Louise Kirkman, individually and as administratrix, appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Hugo Hirsh, for appellant.

John M. Bowers, for respondents.

WILLARD BARTLETT, J.   This appeal presents the question whether the opinion evidence of an expert is receivable to prove the value of the good will of a partnership.   The litigation relates to the affairs of the firm of soap manufacturers known as Kirkman & Son, of which John Kirkman, the appellant's intestate, was a member during his lifetime.   The learned judge at special term has decided that the good will and trade-marks of the concern are worth $15,000, of which sum the appellant, as administratrix of John Kirkman, is entitled to 30 per cent.   The appellant insists, however, that the valuation of the good will should have been larger, and assigns as error the ruling of the trial court disclosed by the following extract from the record:

"Oliver Johnston, called as a witness for the defendants, being duly sworn, testified as follows: By Mr. Hirsh: My business is grocer, of the firm of Johnston Bros., doing business on Nevins street and Flatbush avenue. I have been in that business twenty-six years. I know Mr. Kirkman, the plaintiff. I do know the kind of business that is done by Kirkman & Son, soap manufacturers. I do know the character of their product. I have purchased it from them. Have done so for about twenty years, I guess. It is a product well and favorably known in the market. And the evidence of that is the sale that we make in our place of that product. I know the business has been well established for years. Q. What, in your opinion, is the value of the good will of that business of Kirkman & Son, where the capital invested is a little over fifty-four thousand dollars, and the profits in nine months, declared, was about thirty thousand dollars? From your knowledge of the business, the product of the manufactory, the long establishment of that business, what, in your opinion, is the value of that good will? (Objected to as incompetent. Objection sustained. Defendants except.)"

I think this ruling was correct.   The difficulty of drawing the line which excludes the opinion evidence of experts has often been recognized by the courts, and the decisions on the subject are not readily reconcilable with one another.   It seems to me quite clear, however, that the evidence offered in behalf of the appellant in the present

case was essentially of the same character as that which was declared inadmissible in Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. 264, and Reed v. McConnell, 101 N. Y. 270, 4 N. E. 718, where it was held to be reversible error to allow witnesses to give their opinions as to the value of the contracts which the defendants were alleged to have broken. "When the facts can be placed before a jury, and they are of such a nature that juries generally are just as competent to form opinions in reference to them, and draw inferences from them, as witnesses, there is no occasion to resort to expert or opinion evidence." Ferguson v. Hubbell, 97 N. Y. 507. So, in the present case, after all the elements going to make up the good will of the partnership, and tending to fix its value, had been proved as matters of fact before Mr. Justice Gaynor, the learned judge was quite as well qualified as was the appellant's witness to estimate correctly what the good will was worth. The determination involved no special knowledge, existing in reasons rather than in descriptive facts, and hence the assistance of expert opinions was not required. See Schwander v. Birge, 46 Hun, 66, 69, 70. In behalf of the appellant, reference is made to the well-known case of Mitchell v. Read, 84 N. Y. 556, in which one of the questions was the value of certain renewal leases of the Hoffman House, in the city of New York. Many witnesses of experience in the hotel business were permitted to give opinion evidence as to such value, including the good will of the hotel, against the objection and exception of the defendant. I have examined the appeal book in that case, and find no instance in which any objection was made which raised the question of the competency of opinion evidence in respect to the value of the leases. The principal contention of the defendant was that the witnesses should not be allowed to include the good will in their estimates; and the case does not support the position of this appellant, for the point here relied upon was not raised or considered there. Court of Appeals Cases, vol. 406, Brooklyn Law Library. In Re Randell's Estate, 8 N. Y. Supp. 652, the surrogate of Rockland county took expert evidence as to the value of the good will of a business, but there is nothing in his opinion to indicate that the admissibility of opinions was questioned. The appellant also cites the case of Stove Co. v. Howe (Sup.) 36 N. Y. Supp. 701, where a witness, after giving testimony showing his familiarity with stoves and their manufacture, was allowed by the referee to state the value of a certain patent for stoves, against the objection and exception of the defendants. The general term of the Fourth department thought that "the witness was sufficiently familiar with the subject-matter involved in the question to render his evidence competent. The force and effect to be given thereto were for the referee to determine, after all the facts disclosed by him were considered." From this language, it would seem that the objection related to the extent of the witness' expert knowledge concerning stoves, rather than to the propriety of receiving opinion evidence at all, in order to ascertain the value of a stove patent; but, even if the objection did go to this full extent, I should be unable to agree that it was properly overruled.

I think we ought to affirm the judgment. All concur.