ALEXANDER S. KIRKMAN and SARAH KIRKMAN, Respondents, *v.*
MAY LOUISE KIRKMAN, Individually and as Administratrix of
JOHN KIRKMAN, Deceased, Appellant, Impleaded with DOROTHY
KIRKMAN.

*Testimony as to the value of the good will of a partnership.*

The opinion of an expert as to the value of the good will of a partnership is not
competent as evidence.

APPEAL by the defendant, May Louise Kirkman, individually and
as administratrix of John Kirkman, deceased, from a final judgment
of the Supreme Court in favor of the plaintiffs, entered in the office of
the clerk of the county of Kings on the 12th day of June, 1897,
upon the decision of the court rendered after a trial at the Kings
County Special Term.

*Hugo Hirsh,* for the appellant.

*John M. Bowers,* for the respondent.

WILLARD BARTLETT, J. :

This appeal presents the question whether the opinion evidence
of an expert is receivable to prove the value of the good will of a
partnership. The litigation relates to the affairs of the firm of soap
manufacturers known as Kirkman & Son, of which John Kirkman,
the appellant's intestate, was a member during his lifetime. The
learned judge at Special Term has decided that the good will and
trade marks of the concern are worth $15,000 of which sum the
appellant, as administratrix of John Kirkman, is entitled to thirty
per cent. The appellant insists, however, that the valuation of the
good will should have been larger, and assigns as error the ruling of
the trial court, disclosed by the following extract from the record :
" Oliver Johnston, called as a witness for the defendants, being duly
sworn, testified as follows : By Mr. Hirsh : ' My business is grocer,
of the firm of Johnston Brothers, doing business on Nevins street
and Flatbush avenue. I have been in that business twenty-six
years. I know Mr. Kirkman, the plaintiff. I do know the kind
of business that is done by Kirkman & Son, soap manufacturers.
I do know the character of their product. I have purchased it

from them. Have done so for about twenty years, I guess. It is a product well and favorably known in the market. And the evidence of that is the sale that we make in our place of that product. I know the business has been well established for years. Q. What, in your opinion, is the value of the good will of that business of Kirkman & Son, where the capital invested is a little over fifty-four thousand dollars, and the profits in nine months declared was about thirty thousand dollars? From your knowledge of the business, the product of the manufactory, the long establishment of that business, what, in your opinion, is the value of that good will? [Objected to as incompetent; objection sustained; defendants except.]'"

I think this ruling was correct. The difficulty of drawing the line which excludes the opinion evidence of experts has often been recognized by the courts, and the decisions on the subject are not readily reconcilable with one another. It seems to me quite clear, however, that the evidence offered in behalf of the appellant in the present case was essentially of the same character as that which was declared inadmissible in *Wakeman* v. *Wheeler & Wilson Mfg. Co.* (101 N. Y. 205), and *Reed* v. *McConnell* (101 id. 270), where it was held to be reversible error to allow witnesses to give their opinions as to the value of the contracts which the defendants were alleged to have broken. "Where the facts can be placed before a jury, and they are of such a nature that jurors generally are just as competent to form opinions in reference to them and draw inferences from them as witnesses, then there is no occasion to resort to expert or opinion evidence." (*Ferguson* v. *Hubbell*, 97 N. Y. 507.) So in the present case, after all the elements going to make up the good will of the partnership and tending to fix its value had been proved as matters of fact before Mr. Justice GAYNOR, the learned judge was quite as well qualified as was the appellant's witness to estimate correctly what the good will was worth. The determination involved no special knowledge existing in reasons rather than in descriptive facts, and hence the assistance of expert opinions was not required. (See *Schwander* v. *Birge*, 46 Hun, 66, 69, 70.)

In behalf of the appellant reference is made to the well-known case of *Mitchell* v. *Read* (84 N. Y. 556), in which one of the questions was the value of certain renewal leases of the Hoffman House in the city of New York. Many witnesses of experience in the

hotel business were permitted to give opinion evidence as to such value, including the good will of the hotel, against the objection and exception of the defendant. I have examined the appeal book in that case and find no instance in which any objection was made which raised the question of the competency of opinion evidence in respect to the value of the leases. The principal contention of the defendant was that the witnesses should not be allowed to include the good will in their estimates; and the case does not support the position of this appellant, for the point here relied upon was not raised or considered there. (Court of Appeals Cases, vol. 406, Brooklyn Law Library.)

In *The Matter of Randell's Estate* (8 N. Y. Supp. 652) the surrogate of Rockland county took expert evidence as to the value of the good will of a business, but there is nothing in his opinion to indicate that the admissibility of opinions was questioned. The appellant also cites the case of *The Cortland Howe Ventilating Stove Co.* v. *Howe* (36 N. Y. Supp. 701), where a witness, after giving testimony showing his familiarity with stoves and their manufacture, was allowed by the referee to state the value of a certain patent for stoves against the objection and exception of the defendants. The General Term of the fourth department thought that " the witness was sufficiently familiar with the subject-matter involved in the question to render his evidence competent. The force and effect to be given thereto were for the referee to determine, after all the facts disclosed by him were considered." From this language it would seem that the objection related to the extent of the witness' expert knowledge concerning stoves rather than to the propriety of receiving opinion evidence at all, in order to ascertain the value of a stove patent; but even if the objection did go to this full extent, I should be unable to agree that it was properly overruled.

I think we ought to affirm the judgment.

All concurred.

Judgment affirmed, with costs.