(37 Misc. Rep. 737.)

FISK et al. v. FISK, CLARK & FLAGG et al.

(Supreme Court, Special Term, New York County. April, 1902.)

1. DEATH OF PARTNERS—USE OF FIRM NAME.
    Where all the partners entitled to use the firm name die or retire without assigning the right to use the firm name, such right dies and does not pass to the personal representatives of the last survivor.

2. SAME—INJUNCTION.
    The personal representatives of the last survivor of a firm are not entitled to an injunction to prevent the use of the firm name as a designation for a corporation about to engage in a similar business, where there would be no competition by the corporation with the settlement of the estate of the last survivor.

Action by Almira G. Fisk and others, administrators, against Fisk, Clark & Flagg and others. Motion for an injunction. Denied.

Fisk, Fisk, Clark & Flagg and George Wilcox, for plaintiffs.
Mortimer Kennedy Flagg, for defendants.

SCOTT, J. In the year 1867 Henry G. Fisk, Thomas R. Clark, and Thomas J. Flagg formed a copartnership under the name or style of Fisk, Clark & Flagg, for the purpose of manufacturing and selling gloves, neckwear, and other articles of men's attire. They carried on business until the year 1891, during which time the firm name became well known in the trade in which they were engaged. In 1891 Clark retired from the firm, and Fisk and Flagg continued the business under the original firm name. In July, 1900, Flagg died, and Fisk, having made some arrangement with Flagg's personal representatives which obviated the necessity of winding up the business, and having made and filed the certificate required by statute, continued the business under the original firm name. Fisk, the sole surviving member of the original firm, and the only person carrying on business under the name or style of Fisk, Clark & Flagg, died in March, 1902, intestate. He had never assigned to any one the right to use the said firm name, nor had he ever appointed any person, a copartner or otherwise, as the one to continue the use of that name. The plaintiffs, as his administrators, are engaged in winding up his estate. Immediately after the death of Fisk, the individual defendants proceeded to organize a corporation under the corporate name of Fisk, Clark & Flagg, for the declared purpose of carrying on a similar business to that formerly carried on by the copartnership of the same title. None of the defendants had been in any way connected with the business of the copartnership except that one of them was a son of the Flagg who had formerly been a member of the firm. The corporation thereupon issued a printed circular addressed to the customers of the late firm of Fisk, Clark & Flagg, stating that the purpose of its incorporation was to acquire by purchase the good will, patents, trade-marks, copyrights, stock in trade, and fixtures of the late copartnership. The usual promises were made as to the maintenance of the standard of excellence achieved by the late firm, and the patronage of the addressees of the circular was solicited. It does not appear that the corporation has as yet engaged in business, and it is most positively stated in its behalf that whether or not it will undertake to actively engage in business depends upon its success in acquiring the good will and stock in trade of the former firm. It appears that the corporation has made overtures to the plaintiffs looking to such a purchase, to which, however, no response seems to have been made, and there is some evidence in the papers tending to show that the plaintiffs cherish the purpose of continuing the business themselves. While it is alleged generally in the moving papers that, owing to the identity in name of the new corporation with the old firm, confusion has arisen as to the delivery of mail matter, it does not appear that there has been any serious interference with mail intended for the plaintiffs, and the defendant corporation has taken steps, by

means of a notification to the postmaster, to minimize such confusion.

It is quite clear that down to the date of his death Henry G. Fisk possessed the sole and exclusive right to use the name of Fisk, Clark & Flagg as a business name. The plaintiffs insist that that right was a part of his estate, which descended to them as his administrators. as a part of the assets of his estate, and that they can sell the right to the use of the firm name as an adjunct or part of the good will of the business. The statute law and the trend of judicial decisions seem to make against this contention. That the good will of the business is an asset of the estate is not to be questioned; but it seems to be well settled that the right to use the firm name does not go with the good will. The question has not infrequently arisen between the representatives of a deceased partner and the survivors of the copartnership, and the rule appears to be well established in such cases that, while the good will is property in which the representatives of a deceased partner are entitled to participate, the right to use the firm name belongs to the surviving partners. Dougherty v. Van Nostrand, Hoff. Ch. 68; Kirkman v. Kirkman, 20 Misc. Rep. 211, 45 N. Y. Supp. 373; Mason v. Dawson, 15 Misc. Rep. 595, 37 N. Y. Supp. 90; Blake v. Barnes (Sup.) 12 N. Y. Supp. 69. As was pointed out in the two cases last above cited, the right to continue the use of a firm name after the death of a partner is, in this state, purely a matter of statutory permission. The general rule is that a firm name cannot be so continued if it includes the name of the deceased partner. In order to justify the continued use of the name, the case must be shown to fall within one of the exceptions prescribed by statute, which are now contained in section 20 of the partnership law (Laws 1897, c. 420; Gen. Laws, c. 51). Subdivision 1 of that section authorizes the continued use of the name "where the business * * * continues to be conducted by some or any of the partners, their assignees or appointees." This subdivision would not permit the purchaser of the good will of the business to continue to use the name of Fisk, Clark & Flagg, because such purchaser would not be one of the partners of the firm, all of them having now retired or died, and would not be an assignee or appointee, because Fisk, the last person who had the right to use the name, never made any assignment or appointment. The third subdivision of the section provides that, where a person has carried on business for five years in his sole name, the right to use his name shall survive and pass and be accounted for as part of his personal estate, and such business may be continued and carried on under such name by any person who comes into the legal possession thereof. This is the only provision of the statute which contemplates the survival of the use of a business name as an asset of the estate of a deceased trader, and it is not applicable to the case at bar because it is strictly limited to the case of a person who has transacted business in his sole name. I see no escape, therefore, from the conclusion that the right to use the firm name of Fisk, Clark & Flagg died with Henry G. Fisk, and that his administrators cannot lawfully sell to or confer upon any one the right to continue the use of that name. As was said by Mr. Justice Barrett in Blake v. Barnes, supra: "Such a purchaser would buy nothing but the right to com-

mit a misdemeanor." By using the name of Fisk, Clark & Flagg as its corporate name the defendant corporation has not, therefore, undertaken to appropriate an asset of the estate of Henry G. Fisk, for the right to use the name does not constitute one of the assets.

Unless some right of another corporation or of an individual is infringed, a corporation has the right to adopt any name it sees fit, and, if the right to use the name as a copartnership name died with the last survivor of the firm, there is no one whose rights are infringed by the appropriation of the name by the defendants. Nor can the use of the name be restrained upon the ground that the defendants are engaged in unfair competition with the plaintiffs. As administrators the plaintiffs have no authority to carry on the business except to the very limited extent that may be necessary to liquidate it advantageously. It is their duty to wind it up at the earliest possible moment. The defendants are not engaging in business, and it does not appear that they have any present intention of so engaging as to compete in any way with the liquidation of the estate. Indeed an injunction pendente lite might well be refused because it does not appear that the defendants threaten or intend to do any of the acts against which an injunction is sought. I see no reason to doubt that they desire in good faith to acquire, by legitimate purchase, the good will, trade-marks, assets, and fixtures of the late copartnership, and that their incorporation under the firm name was effected in the hope and anticipation of such purchase. It is possible that upon the trial a different state of facts may develop, but upon the present papers I am unable to see that any rights of the plaintiffs are being infringed, or that any necessity is shown for present injunctive relief.

Motion denied, with $10 costs.