ABRAHAM MENDELSOHN, Appellant, *v.* EQUITABLE LIFE ASSURANCE SOCIETY, Respondent.

Supreme Court, Appellate Term, Second Department, March 4, 1942.

*Samuel Beinhart,* for the appellant.

*Alexander & Green,* for the respondent.

LEWIS, J. This is an appeal by plaintiff, pursuant to leave granted below, from an order denying his motion to vacate and strike out the answer. The action is to recover on an insurance policy. An answer subscribed by Alexander & Green, as attorneys for defendant, was duly served and filed. It is claimed that since neither Alexander nor Green is alive, the appearance and

answer is a nullity. Plaintiff does not seek to put the defendant in default. He asks this court to grant the motion to vacate the answer with leave to defendant to appear and answer without terms. Defendant is not heard to complain of its representation by the firm of Alexander & Green, nor is any fraud or deception charged. The disposition of plaintiff's motion affects no justiciable issue in the case.

In its past there were members of the firm in question named Alexander and Green, but at the present none of the ten partners bears either name. However, it appears undisputed from the affidavits that there has always been an understanding and agreement between the partners of Alexander & Green that the death, withdrawal or retirement of any partner shall not terminate the partnership, and that the remaining partners shall own the exclusive right to the firm name of Alexander & Green. On January 10, 1940, a certificate signed by all of the then members of the firm was filed in the office of the clerk of New York county.

It is conceivable that a person in search of legal counsel might be persuaded by the familiar ring of a distinguished name to retain a firm bearing such name. There is, as a result, possibility of deception in the apparently prevalent practice of retaining the names of deceased partners in the titles of law firms. An ordinary commercial partnership is different. A trade name is usually a symbol of its good will based on impersonal elements such as the quality of merchandise. A professional partnership, however, is wholly dependent upon the integrity, skill and personal qualifications of its members.

The practice sought to be proscribed has the sanction of custom and offends no statutory provision or legislative policy. Canon 33 of the Canons of Professional Ethics of both the American Bar Association and the New York State Bar Association provides in part as follows: " The continued use of the name of a deceased or former partner, when permissible by local custom, is not unethical but care should be taken that no imposition or deception is practiced through this use." There is no question as to local custom. Many firms in the city use the names of deceased members with the approval of other attorneys, bar associations and the courts. The Appellate Division of the First Department has considered the matter and reached the conclusion that such practice should not be prohibited.

Almost the entire body of the adjudicated cases dealing with the right to continue a firm name after dissolution refers to ordinary trades rather than professional partnerships. At common law it was the right of the surviving members of a business firm to

continue the use of the firm name. (*Caswell* v. *Hazard*, 121 N. Y. 484, 495. See 47 C. J. p. 1081, § 684; *Blake* v. *Barnes*, 12 N. Y. Supp. 69; *Mason* v. *Dawson*, 15 Misc. 595; *Kirkman* v. *Kirkman*, 20 id. 211; affd., 26 App. Div. 395; *Fisk* v. *Fisk, Clark & Flagg*, 37 Misc. 737; affd., 73 App. Div. 626.) A professional partnership, whose reputation depends upon the individual skill of the members, has no good will to be distributed as a firm asset on its dissolution. (*Bailly* v. *Betti*, 241 N. Y. 22.) But, under the common-law rule applicable to trade partnerships, that would not prevent the use of the firm name by the surviving partners. There is nothing to indicate a different rule as to professional partnerships.

Neither the Partnership Law nor the Penal Law prohibits the practice in question. The use of the firm name herein is also sustainable by reason of agreement between the partners.

Plaintiff urges that all legal papers issued by an attorney must be subscribed with his name as entered in the official register of attorneys. Rule 11 of the Rules of Civil Practice should not be so narrowly circumscribed. Although in law a partnership is not, strictly speaking, a separate entity (*Caplan* v. *Caplan*, 268 N. Y. 445, 447), for certain purposes attorneys as partners are but one person. (*McFarland* v. *Crary*, 8 Cow. 253; *Warner & Post* v. *Griswold*, 8 Wend. 665. See, also, *Lockwood* v. *Dillenbeck*, 104 App. Div. 71.) A reasonable interpretation of all the applicable statutes and rules of practice does not compel the conclusion that subscription and indorsement in the name of a law partnership is invalid. If that were the case, each attorney in every law partnership would have to sign all papers where the partnership represented a client. It would be immaterial whether the firm title included only the names of living partners.

If the practice of retaining the names of deceased partners in the firm title is unwholesome, correction should be sought in the Legislature or in the respective Appellate Divisions which have control over the professional conduct and ethics of attorneys.

The order should be affirmed, with ten dollars costs to defendant.

MacCrate and Steinbrink, JJ., concur.