BAUCHLE v. SMYLIE et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

1. PARTNERSHIP—SURVIVING PARTNERS—RELATION TO REPRESENTATIVE OF DECEASED PARTNER.

The relation of a surviving partner to the representative of a deceased partner is a fiduciary one, involving trust and confidence of the highest character, which absolutely prohibits the surviving partner from acquiring any benefit from the deceased partner's interest at the expense of his representative.

2. SAME.

Plaintiff was executrix and widow of a deceased partner, and had no personal knowledge as to the extent of her deceased husband's interest in the firm. Defendants were the surviving partner and the executor of another partner, who survived plaintiff's husband. The executor was also the executor of plaintiff's husband, and had been the personal attorney of each of the surviving partners for several years. The surviving partners purchased from plaintiff and from defendant executor, in his capacity as representative of plaintiff's husband's estate, and with the assistance of the latter, plaintiff's deceased husband's interest in the firm. *Held* that, in view of the relation between the parties, the burden was on defendants to show that the transaction was in all respects fair, and that plaintiff received what the property was worth, and fully understood the nature and effect of the transaction.

Appeal from Special Term.

Action by Amelia M. Bauchle, individually and as executrix of Thomas H. Bauchle, deceased, against Adolphe E. Smylie and another. From a judgment of dismissal, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Frank H. Black, for appellant.
John G. Milburn, for respondent Smylie.
Howard Taylor, for respondent Hopkins.

McLAUGHLIN, J. On the 18th of December, 1901, Thomas H. Bauchle, the husband of the plaintiff, died. He left a will in which the plaintiff was named as executrix, and the defendant Hopkins as executor. She was also the residuary legatee. The will was admitted to probate in January following, and letters testamentary issued to Hopkins; he alone at that time qualifying. In the following June, however, the plaintiff qualified, and letters testamentary were then issued to her. At the time of Mr. Bauchle's death he was a member of the firm of Young & Smylie, composed of himself, Adolphe E., and Charles A. Smylie, each owning a one-third interest therein. Shortly after the admission of the will to probate, negotiations were commenced between the surviving partners, the widow, and Hopkins, as executor, for the purchase by the surviving partners of the interest which Mr. Bauchle had in the firm at the time of his death, and which, under the residuary clause in his will, passed to the plaintiff. These negotiations finally culminated on the 11th of April, 1902, when Hopkins, as executor, and the plaintiff individually, by an instrument in writing, sold and transferred such interest to the surviving partners for

$42,500. This action was thereafter brought to set aside such instrument, the plaintiff having offered to return the consideration. The complaint was dismissed, and the plaintiff appeals.

The conclusion at which I have arrived renders it unnecessary to review at length the evidence offered at the trial, or determine whether it shows that the surviving partners, in acquiring the interest which the deceased partner had, were guilty of either actual or constructive fraud. The action was tried upon an erroneous theory, viz., that the burden was upon the plaintiff to establish the transaction was unfair, whereas the burden was in fact upon the surviving partners to show that it was in all respects fair, and such as a court of equity would sanction and approve.

The relation which a surviving partner holds to the representative of a deceased partner has been clearly defined, and is generally understood. It is a fiduciary relation, involving trust and confidence of the highest character, which absolutely prohibits the surviving partner acquiring any benefit from the deceased partner's interest at the expense of his representative. King v. Leighton, 100 N. Y. 392, 3 N. E. 594; Case v. Abeel, 1 Paige, 393; Murray v. Mumford, 6 Cow. 441; Sigourney v. Munn, 7 Conn. 11; Jones v. Dexter, 130 Mass. 380, 39 Am. Rep. 459. It is a relation stronger and more exacting than that which exists between partners themselves, inasmuch as the law commits to them, to the exclusion of others, the care and management of the deceased partner's interest for the payment of debts and distribution. He is not a mere agent, but a trustee, and by reason of such relationship the same remedy exists on behalf of the representative of the deceased partner against the surviving partner as exists between a trustee, strictly so called, in behalf of a cestui que trust. Holmes v. Gilman, 138 N. Y. 369, 34 N. E. 205, 20 L. R. A. 566, 34 Am. St. Rep. 463; In re Hallett's Estate, 3 Ch. Div. 712. Even between partners the utmost good faith is required in their dealings with each other and with the partnership interests, and their duties comprehend, in a great measure, those of both trustees and agents. Mitchell v. Reed, 61 N. Y. 123, 19 Am. Rep. 252. In Butler v. Prentiss, 158 N. Y. 49, 52 N. E. 652, it was said that each partner owes to the other the most scrupulous good faith; each has a right to know all the other knows about the partnership business; and that "the uberrima fides of a fiduciary relation is the standard of fidelity exacted from them." Here the Smylies were not only surviving partners, and by reason thereof plaintiff's trustees to the extent of her deceased husband's interest in the firm, but she had no personal knowledge thereof, and necessarily had to rely on what she was told. Hopkins also held a close relation to all of the parties; he had been the personal attorney for each of the surviving partners for several years, and he was paid by them at least a part of his charges for bringing about the sale, though he testified that was with the plaintiff's consent; and he was also sole executor named in Charles A. Smylie's will, which appears to have been made only a short time after the sale in question. These facts are referred to, not for the purpose of showing there was any fraud, ac-

tual or constructive, on the part of the surviving partners, in acquiring the interest of the deceased partner, but simply to show the relations which existed between the parties.

I think, in view of this relation, the same rule should be applied to the transaction in question that would be applied to a similar one between attorney and client, guardian and ward, or trustee and cestui que trust; and, if I am correct in this, then the burden of proof was upon the surviving partners to show by satisfactory evidence that it was in all respects fair, that the plaintiff received what the property was worth, that she fully understood the nature and effect of the transaction, and that the same was not brought about by fraud or deception of any kind upon the part of the surviving partners, or either of them. Pom. Eq. Juris. §§ 956, 960; Story's Eq. Juris. §§ 311, 312; Nesbit v. Lockman, 34 N. Y. 167; Barnard v. Gantz, 140 N. Y. 249, 35 N. E. 430; Snook v. Sullivan, 53 App. Div. 602, 66 N. Y. Supp. 24; Brock v. Barnes, 40 Barb. 521; Sears v. Shafer, 6 N. Y. 268; Hatch v. Hatch, 9 Vesey, 292.

The trial, as already indicated, was not conducted upon this theory. On the contrary, it seems to have been assumed that the burden was upon the plaintiff to prove that the surviving partners were guilty of either actual or constructive fraud; and, she having failed to establish that, the complaint must be dismissed. This, it seems to me, in view of the relations existing between the parties, requires that there should be a new trial.

It follows, therefore, that the judgment appealed from must be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur; VAN BRUNT, P. J., in result.