MAURICE JOSEPHBERG and Others, as Committee of ALFRED CERUTTI, an Incompetent, Appellants, *v.* GINO CAVALLERO, Respondent, Impleaded with JAMES F. EGAN, Public Administrator of the County of New York, as Administrator of the Estate of ERNEST CERUTTI, Deceased, Defendant.

First Department, May 9, 1941.

*Hobart S. Bird,* for the appellants.

*William M. Bennett,* for the respondent.

DORE, J. Plaintiffs, committee of an incompetent, Alfred Cerutti, sole heir and distributee of Ernest Cerutti, deceased, instituted this action against defendant Cavallero, deceased's partner in a restaurant business, and the public administrator of New York county, administrator of deceased's estate, joined as a party defendant. The action is in equity and seeks to have declared void the administrator's sale to Cavallero of deceased's interest in the lease of the restaurant and the stock of the restaurant corporation. Judgment is asked, however, only against defendant Cavallero. The public administrator defaulted in answering and made no objection to the complaint by motion or otherwise. Defendant Cavallero, however, moved to dismiss on the ground that the court did not have jurisdiction of the subject-matter, that plaintiffs did not have capacity to sue, and that the complaint did not state facts sufficient to constitute a cause of action. Special Term granted Cavallero's motion and entered a judgment in his favor against plaintiffs on the ground that the action amounted to an attempt by a distributee of the estate to assert a cause of action, which, if it existed at all, was vested in the public administrator as personal representative of the deceased, and on the further ground that no facts were alleged showing the administrator's refusal to sue was unreasonable. We think the court had jurisdiction and that the complaint states a cause of action.

All of the allegations of the complaint summarized herein must, on this motion, be deemed to be true. The deceased Ernest Cerutti died intestate in 1937 leaving plaintiffs' ward, Alfred Cerutti, his sole distributee. The public administrator of New York county was appointed administrator of deceased's estate and still is acting as such, not having rendered his final account. Among estate assets was a one-half interest in a business known as the Colony Restaurant, half of which was owned by deceased and half by defendant Cavallero. The restaurant was widely and favorably known, and its location at 30 East Sixty-first street, New York city, N. Y., extremely desirable; deceased and Cavallero held

in their joint names a lease of the restaurant premises, but the business itself was operated by a corporation, Colony Restaurant, Inc., the stock of which was owned equally by deceased and Cavallero; and the assets of the business, exclusive of the good will, had a cash value of $28,000. The lease expired by its terms on September 30, 1938, and the successful continuance of the business required an extension thereof. The administrator, after negotiations, in July, 1937, sold to Cavallero for $14,000 the estate's interest in the restaurant business represented by the lease, the stock and the good will; but Cavallero had fraudulently represented to the administrator and deceased's relatives that the lease could not be renewed, and if his offer of $14,000 was not accepted, the business would be liquidated, whereas at that very time Cavallero had secretly secured a five-year extension of the lease and thus fraudulently induced the administrator to sell the estate's interest for $14,000 when it was worth $100,000. Plaintiffs ask that the fraudulent sale be declared void; that defendant Cavallero account for profits, value and good will; and pay the estate its one-half share. It is also alleged that the action is brought by the committee pursuant to an order of the Supreme Court granting plaintiffs permission to sue, and that the administrator is made party defendant because after request upon him to bring the action, he declined to do so.

Special Term dismissed on the authority of *McQuaide* v. *Perot* (223 N. Y. 75). We think that case is clearly distinguishable and is not controlling. There, the plaintiff represented one out of nine beneficiaries in an estate. All the other beneficiaries, as well as the estate representatives, refused to join in the action. It was held that the representatives' refusal to sue must be more than a bare refusal, that it must be " an unreasonable refusal; " that there were no facts showing an unreasonable refusal to sue; and that the facts stated were consistent with a proper determination not to attack the transaction complained of. In that case, too, the estate representatives demurred to the complaint.

Here, plaintiffs' ward is the sole distributee; deceased's personal representative has made no motion to dismiss; and the complaint does not merely allege a refusal to sue but alleges facts showing perpetration of a gross fraud practiced on the administrator. The facts alleged, if true, establish that the refusal to sue was unreasonable, and a merely conclusory allegation to that effect is unnecessary. For the right of a distributee to sue in special circumstances such as are here alleged, authority is ample. (*McQuaide* v. *Perot*, 223 N. Y. 75, 80; *Harvey* v. *McDonnell*, 113 id. 526, 531; *Brooklyn Free Kindergarten Society* v. *Elbran Realty Corp.*, 255 App.

Div. 852; *Noll* v. *Smith*, 250 id. 453, 455; 4 Bogert, Trusts and Trustees, § 870, p. 2533 *et seq.;* 2 Perry on Trusts and Trustees [7th ed.], § 886, p. 1505.)

Defendant contends that an allegation of repayment of the $14,000 or a tender thereof is essential and without it the complaint is fatally defective. But there are exceptions to the rule of restitution or offer to restore what has been received under a contract rescinded or sought to be rescinded. Where what a party has received consists only of money, " the amount of which he will be entitled to in any event, he need not make offer of restitution. (*Gould* v. *Cayuga County Nat. Bank*, 86 N. Y. 75.)" (*E. T. C. Corp.* v. *Title Guarantee & Trust Co.*, 271 N. Y. 124, 128.) The final relief sought herein is a decree for the payment of money found to be due after an accounting.

We think, too, that defendant Cavallero is not in a position to object that the action is brought by plaintiffs instead of the administrator, who made no objection but defaulted in answering. On the facts disclosed, plaintiffs are proper parties in interest and have capacity to sue even though the administrator has not rendered his final account. The main charge of fraud is in connection with the lease, which is alleged to have been held jointly by deceased and Cavallero as partners. As surviving partner, Cavallero was the legal owner of the partnership property and held the same in trust in a fiduciary capacity for the deceased partner. (*Williams* v. *Whedon*, 109 N. Y. 333.) In *Bauchle* v. *Smylie* (104 App. Div. 513) the surviving partners purchased the interest of a deceased partner in a firm. In an action brought to set aside the sale for fraud, this court said: " The relation which a surviving partner holds to the representative of a deceased partner has been clearly defined and is generally understood. It is a fiduciary relation, involving trust and confidence of the highest character, which absolutely prohibits the surviving partner acquiring any benefit from the deceased partner's interest at the expense of his representative."

As for the corporate assets herein, no decree is asked against the restaurant corporation, but defendant as stockholder is asked to account. Irrespective of defendant's duty of full disclosure as fiduciary, the false representations alleged in this complaint are so material as to establish, if proved, actual fraud.

Defendant Cavallero is making no claim against the estate and has no specific property belonging to it; the estate is asserting a claim against Cavallero as a debtor, and of such claim the Supreme Court, a court of general jurisdiction, clearly has jurisdiction. (*Matter of Malloy*, 278 N. Y. 429, 432; *Matter of Hammer*, 237

App. Div. 497; affd., 261 N. Y. 677; *Matter of Arduini*, 243 App. Div. 10; *Matter of Thomas*, 235 id. 450, 454; *Matter of Brazil*, 219 id. 594; *Matter of Jastrzewski*, 252 id. 384, 385.)

The complaint states a cause of action. The judgment appealed from should be reversed, with costs, and the motion of defendant Cavallero in all respects denied, and said defendant allowed to answer within ten days after service of the order entered herein on payment of said costs.

MARTIN, P. J., COHN and CALLAHAN, JJ., concur; UNTERMYER, J., concurs in result.

Judgment unanimously reversed, with costs, and motion of defendant Gino Cavallero in all respects denied, with leave to said defendant to answer within ten days after service of order on payment of said costs.