## GIBSON v. COMMISSIONER OF INTERNAL REVENUE.
### No. 3.

Circuit Court of Appeals, Second Circuit.

Feb. 10, 1943.

Frederick E. Winkler, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, J. Louis Monarch, and Muriel S. Paul, Sp. Assts. to Atty. Gen., for Commissioner of Internal Revenue.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The facts were stipulated and may be summarized as follows:

On June 15, 1936, the taxpayer was the owner of 24,510 shares of the common capital stock of Manufacturers Trust Company (herein referred to as Manufacturers). Manufacturers had only this one class of stock outstanding. On June 10, 1936, Manufacturers was duly authorized, pursuant to the laws of the State of New York, to increase its capital by issuing 500,000 shares of convertible preferred stock, par value $20. The owners of the new convertible preferred were to have the right to convert it into common capital stock at any time prior to July 15, 1946.

On June 10, 1936, the taxpayer was advised by letter that the plan for increasing the capital stock of Manufacturers had been approved the same day the board of directors adopted a resolution authorizing the officers to offer 494,025 shares of the new convertible preferred to the stockholders of the common stock.

On or about June 15, 1936, the taxpayer received warrants for 24,510 rights to purchase the new convertible preferred stock. Each right entitled the taxpayer to purchase three-tenths of one share of the new convertible preferred stock par value $20 a share, for a price of $50 a share.

The rights received by the taxpayer had a market value of $12,255, or 50 cents each, on the date of receipt. The subscription privilege was to expire July 15, 1936. The taxpayer did not avail herself of the subscription privilege, but instead sold her rights for a total price of $13,728.04.

The Commissioner, in his deficiency letter, included the sum of $12,255 received as "dividends."

In making the assessment the Commissioner treated the stock rights, of a value at the date of issue of $12,255, as in the nature of a stock dividend taxable under Section 115 of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, page 868, and treated the balance realized from the sale of the rights, that is to say $1,473.04, as a capital gain against which the taxpayer was allowed a set-off for losses. The Board affirmed the Commissioner. Neither party questions that $1,473.04 was properly held to be capital gain but the taxpayer argues that not only the $1,473.04, but also the $12,255, was capital gain rather than ordinary income and thus was subject to further set-offs. We think that the decision of the Board was right and should be affirmed.

The theories underlying corporate distributions like those involved in the present case were discussed in Choate v. Commissioner, 2 Cir., 129 F.2d 684, particularly so far as they might be affected by the decisions of the Supreme Court in Palmer v. Commissioner, 302 U.S. 63, 58 S.Ct. 67, 82 L.Ed. 50, and Miles v. Safe Deposit & Trust Co., 259 U.S. 247, 42 S.Ct. 483, 66 L.Ed. 923, and need not be dwelt on at length here.

Following the Choate case we must say that there was no distribution of corporate earnings or profits when the rights were issued; their exercise was necessary to effect such a distribution. But the issuance of the rights gave Mrs. Gibson an option to obtain a distribution by exercise of it and this option she sold. Since the option gives a privilege of obtaining income to the extent of the spread between the market value of the stock at the time of the issuance of the option and the option price for the stock, the proceeds of sale, at least to this extent, constituted income. An analogy may be found in the sale of an unmatured interest coupon cut from a bond; the proceeds of such a sale would clearly be income. See Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655. Since neither party questions the increment of $1,473.04 above the value of the option when issued we need not concern ourselves with that item.

Order affirmed.