In the Matter of the Will of JANE B. LISSBERGER, Deceased.

Surrogate's Court, New York County, April 8, 1947.

*Lester R. Bachner* for Edmund Lissberger, petitioner.

*Samuel Michelman* for President and Directors of the Manhattan Company, as trustee, respondent.

COLLINS, S. The petitioner, who is the income beneficiary of one of the trusts and also a cotrustee, asks a construction of the will and instructions as to whether certain shares of stock issued by a corporation constituted a stock dividend. The will authorizes the trustees to pay to the life beneficiary all dividends, whether stock dividends or otherwise, and directs that all dividends be regarded as income. The parties are not in disagreement over the meaning of the will. It has been the subject of construction heretofore (188 Misc. 811). The only difference of opinion between petitioner and his cotrustee is whether the shares are in fact a dividend and so come within the terms of the will or whether there was merely a stock split-up.

The court holds that the shares referred to in the petition were not a dividend and that the income beneficiary is not entitled to such shares of stock. The resolution of the board of directors of the corporation approved for submission to the stockholders a proposal: " To effect a split in the stock on a two for one basis, by issuing an additional share of Common Stock of the par value of $1 to stockholders for each such share held." The resolution also approved submission of a related proposal to transfer from capital surplus to common capital stock account the sum of $1 for each of the additional shares issued. The notice of the meeting of stockholders described the transaction as splitting the stock " on a two for one basis."

The feature that distinguishes a stock dividend from a split-up " * * * is the permanent retention of earnings in the business through formal transfer of earned surplus, legally available for dividends to capital account." (Paton, Accountant's Handbook [3d ed.] p. 1016). It is conceded that the " earned surplus account " of the corporation remained the same after the transaction as it was before. For each new share issued to the stockholders there was transferred from what is termed " capital surplus account " to " capital stock account " the sum of $1. The petitioner contends that the distribution was a dividend for the reason that such transfer was made from the one account to the other. He argues that the dividend could have been paid in cash from the capital

surplus account and that the transfer between the accounts was a capitalization of surplus profits and the basis for a stock dividend. The capital stock account carried all common stock at a value of $1 a share. There is no contention that this represents the true capital worth of the corporation. There is no proof in the record that the corporation (which is organized under New York law) could have paid a dividend from the so-called capital surplus account. (*Randall* v. *Bailey,* 288 N. Y. 280; Stock Corporation Law, § 58.) In all of the transactions relating to the new shares, both before issuance and afterwards in dealing with the tax authorities, the corporation characterized the issuance of the shares as a split in the stock, and it has been generally recognized as such. There is no evidence that would warrant the court in taking a different view.

The court accordingly holds that the 385 shares of stock are principal of the trust.

Submit decree on notice accordingly.