William T. Collins, S.
The question at issue between the accounting trustee and the special guardian for infant remaindermen is whether shares of capital stock of The Texas Com *373 pany, received in each of the trusts, represented a stock dividend or a mere stock split-up. If what the trustees received was in fact a dividend, it must be apportioned between principal and income under the rule stated in Matter of Osborne (209 N. Y. 450) because the testator died before the enactment of section 17-a of the Personal Property Law and that statute is, therefore, inapplicable. If the corporate transaction, however, resulted only in a multiplication of the shares of stock, the shares must remain in the principal account.
This court has heretofore pointed out the difference between a stock dividend and a stock split. (See Matter of Lissberger, 189 Misc. 277, affd. 273 App. Div. 881; Matter of Lawrie, 119 N. Y. S. 2d 906, 911.) In the former, there is a capitalization of earnings or profits and a distribution of the shares which represent assets transferred to capital, while in the latter there is a mere increase in the number of shares without altering the amount of capital or surplus. The distinguishing feature is the ‘ ‘ permanent retention of earnings in the business through formal transfer of earned surplus, legally available for dividends, to capital account.” (Paton, Accountants’ Handbook [3d ed.], p. 1016; Matter of Lissberger, supra.) The special guardian in the pending proceeding relies chiefly upon the fact that in the proxy statement accompanying the notice of the annual meeting of stockholders and in the resolution of the board of directors of the corporation immediately following the stockholder meeting, the transaction was referred to as a “ two-for-one split of the Capital Stock ’ ’. However, both instruments made it clear that additional shares of stock were to be issued to stockholders and that the new shares would be paid for by transfers from earned surplus and capital surplus in amounts sufficient to equal the par value of all the new stock. There were at that time 13,797,624 shares outstanding and under the plan an equal number of shares would he issued to the stockholders. The par value of each of the shares, both old and new, was $25. The par value of all of the new shares issued would, therefore, amount to $344,940,600. The hoard of directors transferred from earned surplus account to capital stock account the sum of $211,837,243 and from capital surplus account to capital stock account the sum of $133,103,357. It will be noted that the aggregate of these transfers equals the total par value of the new shares to he issued. Very significantly, that portion of the resolution of the board of directors which determined the transfer of funds in the manner described above, concludes with the words, “ and that such additional shares shall be fully paid and nonassessable. ’ ’
*374 Even though the hoard of directors spoke of the transaction as a stock split, the corporate records show clearly that their purpose was to capitalize earnings and to issue additional shares of stock which, in part, represented the earnings thus permanently retained. Surrogate Wither, pointed out in Matter of Strong (198 Misc. 7,19, affd. 277 App. Div. 1157) that “ a dividend constitutes a distribution of earnings and a stock dividend is made by the issuance and delivery to stockholders of additional stock, supported by assets, usually earnings, transferred to capital. It amounts to a cash dividend and a simultaneous reinvestment thereof with the company by the stockholder, and the stockholder receives additional stock from the company as evidence thereof.” That is precisely what happened in this case and under the authorities, the stock received by the trustee must be apportioned between principal and income. (Matter of Lawrie, 119 N. Y. S. 2d 906, supra; Matter of Lissberger, 189 Misc. 277, affd. 273 App. Div. 881; Matter of Lissberger, 188 Misc. 811.)
The account sets forth an apportionment of the shares between the principal account and the income account. It appears to be agreed that the computation is correctly made, and it will be approved by the court.
The will directs that the trust under paragraph eighteenth be divided in three equal parts and hence permission of the court to carry out the testamentary mandate is unnecessary. Each of the three further trusts is identical in all respects with another trust created by the will. The court accordingly will authorize the trustee to add one of the three equal parts to each of the trusts created under paragraphs fourteenth, fifteenth and sixteenth and to administer the combined funds in solido.
Submit decree on notice settling the amount accordingly.