In the Matter of the Construction of the Will of BEATRICE O. CHAPMAN, Deceased.

Surrogate's Court, Westchester County, July 11, 1955.

*Buchdahl, Lempel & Glassman* for George Chapman, petitioner.

*White & Case* for trustee, respondent.

*Otto C. Jaeger,* special guardian and special attorney.

FAILE, S. The income beneficiary of a trust has instituted this independent proceeding for a construction requesting the court to determine that the entire proceeds of an alleged dividend are payable to income.

By article " First " of her will dated May 31, 1938, testatrix provided in part as follows: " I further direct that all dividends whatsoever received by my executors or by my trustees upon the stock of any corporation held by them shall be considered and treated as income and shall be paid to the income beneficiary, any provision of law to the contrary notwithstanding."

On September 23, 1954, and prior thereto the trustees held 200 shares of capital stock of Standard Oil Company of Indiana. On this date a resolution was adopted by such corporation authorizing the increase of capital stock from 20,000 to 40,000 shares of the same par value per share. Following a recital that surplus was sufficient to pay a cash dividend and a stock dividend, the resolution provided for a " dividend " of sixty-two and one-half cents per share on the capital stock of such company payable out of earned surplus and a " stock dividend " of 100% on the capital stock of such company payable first out of capital surplus and the remainder out of earned surplus on December 1, 1954.

The answer of the trustee alleges that the effect of the stock distribution was to double the number of shares held in the trust and simultaneously to reduce the market value of such shares by approximately one half; that on November 30, 1954, immediately prior to the payment of the dividend, the market value of such stock was $94 per share, and that on December 1, 1954, the impact of the distribution was reflected in a reduced market value of the stock to $46.50 per share.

In *Matter of Lawrie* (119 N. Y. S. 2d 906) the court defined the distinction between a stock dividend and a stock split; the former being described as a capitalization of earnings or profits together with a distribution of the added shares which evidence the assets transferred to capital, and the latter as representing a mere increase in the number of shares evidencing ownership without altering the amount of capital or surplus. Inasmuch as the resolution described the distribution as a stock dividend, the court is not justified in viewing as a stock split what the directors recognized as a stock dividend (*Matter of Strong,* 198 Misc. 7, affd. 277 App. Div. 1157; *Matter of Lissberger,* 189 Misc. 277), especially if the testatrix intended that all dividends were to be regarded as income. *Matter of Lawrie (supra)* related to

a dividend of the same type as here involved, which was determined to be a stock dividend rather than a stock split.

By the provisions of section 17-a of the Personal Property Law, unless otherwise provided in the will, a stock dividend must be regarded as principal rather than income. However, the trustee must obey a command that a dividend which otherwise would be regarded as principal shall be treated as income. (*Matter of Lloyd,* 292 N. Y. 280.) The intention is here emphatic that all stock dividends shall be payable as income. The testatrix expressly directed that " all dividends " be treated as income " any provision of law to the contrary notwithstanding." The intention therefore is clear that dividends were not to be subjected to the rule of the statute or to an allocation based upon principles of equity, but to the testamentary direction to treat all dividends as income. The phrase " all dividends " is all-inclusive and embraces the distribution here involved so as to render the entire stock distributed to be delivered to the income beneficiary.

Settle decree accordingly.