William T. Collins, S.
In connection with its first intermediate accounting the trustee requests a construction of the language used in the will in determining the proper allocation of two certain stock dividends. Testatrix died in 1948. In paragraph Tenth of her will she stated: 11 All stock or extraordinary cash dividends and the value of all rights to subscribe to new securities of any corporation in which my said estate is interested shall be considered income. ’ ’
On May 1, 1954 the trustee received 200 shares of American Can Company common stock and on December 1,1954 it received 100 shares of Standard Oil Company (Indiana) capital stock as distributions. The special guardian for infant contingent income beneficiaries and remaindermen of the residuary trust concedes that the American Can Company dividend was a stock dividend within the meaning of paragraph Tenth of the will and should be paid to the income beneficiary. However, he contends that as part of the assets used in the stock distribution by the Standard Oil Company represented a transfer from the *32 “ Capital in Excess of Par Value ” account to the capital stock account, that portion should be added to the principal of the trust.
The court holds that this distribution by the Standard Oil Company was a stock dividend (Matter of Lawrie, 119 N. Y. S. 2d 906). See, also, Matter of Chapman (208 Misc. 390) where the same stock dividend was considered. Since the testatrix used language which frees her will from the application of section 17-a of the Personal Property Law (Matter of Lloyd, 292 N. Y. 280; Equitable Trust Co. v. Prentice, 250 N. Y. 1; Matter of Lawrie, supra) this stock dividend must be considered wholly as income.
Submit decree on notice construing the will and settling the account accordingly.