Maximilian Moss, S.
This is a proceeding by a surviving trustee for the judicial settlement of his intermediate account, construction of a trust provision of the will and fixation of his compensation for legal services pursuant to section 285-a of the Surrogate’s Court Act. His attorney’s fee is fixed and allowed in the amount requested to cover all services to and including the decree to be made herein.
The paragraph to be construed reads as follows: “ Eighth : I direct that the trustees hereunder, whenever they shall receive any shares of stock of a corporation, by way of a stock dividend upon any shares of stock of the same corporation held by the trustees as part of the trust estate hereunder, or shares of stock of other corporations distributed by way of extraordinary dividends by any corporation whose shares of stock are held by the trustees as a part of the corpus of the trust estate created hereunder, to retain in the corpus of such trust estate all such stock dividends or extraordinary dividends. However, any such stock dividends paid in lieu of recoupment of dividends defaulted or accumulated while the shares of stock are held in my estate or in the trust estate, shall be deemed income. ’ ’
The petitioner alleges that the principal of the trust estate includes 200 shares of Raytheon Manufacturing Company, a Massachusetts corporation, which declared stock dividends in 1954 and 1955 resulting in the trustee receiving 31 shares of stock of said corporation. The court is requested to determine whether the said stock dividends were paid ‘ ‘ in lieu of periodic cash dividends ” and should therefore be distributed to testator’s mother, the income beneficiary, or on the other hand should be retained in the corpus as principal for the benefit of the residuary charitable legatees.
*192 Petitioner has submitted as exhibits a letter and two statements issued by the corporation in connection with the declarations of the stock dividends. The corporate exhibits indicate that the stock dividends were ordinary or regular dividends declared at regular dividend periods out of net earnings in line with the corporate policy of retaining cash and reinvesting earnings in the business after meeting sinking fund requirements and paying preferred stock dividends. The total amount of the market value of the stock dividends was transferred from earned surplus to capital stock account to the extent of the par value of the shares issued and the balance to capital or paid-in surplus account. It is therefore apparent that there was no diminution in the value of the corpus of the trust by reason of the new shares issued. The whole amount was charged to earned surplus and therefore represents a dividend out of corporate income, paid in lieu of cash dividends. It follows that the stock dividends in question must be deemed income and payable to the income beneficiary in accordance with the testamentary direction and intention to safeguard the income beneficiary from loss of income by reason of dividends being declared out of current earnings in stock rather than in cash and to preserve the corpus of the trust from diminution by way of stock dividends being paid out of capital. (Personal Property Law, § 17-a; Matter of Matthews, 280 App. Div. 23, affd. 305 N. Y. 605; Matter of Lloyd, 171 Misc. 219, affd. 266 App. Div. 765, revd. 292 N. Y. 280; Matter of Lawrie, 119 N. Y. S. 2d 906; Matter of Davis, 128 N. Y. S. 2d 152; Matter of Horrmann, 3 A D 2d 5; Matter of Chapman, 208 Misc. 390; Matter of Muller, 145 N. Y. S. 2d 283; Matter of Bingham, 161 N. Y. S. 2d 217; Matter of Sanford, 4 Misc 2d 487; Matter of Berger, 6 Misc 2d 468.)
Settle decree on notice construing the will and judicially settling the account accordingly.