Owes- McGivern, J.
In this proceeding for the judicial settlement of the account of the trustee, a construction problem has been presented and a request made for a ruling on certain questions presented as an intermediate matter. Treating first the objection relevant to the question of allocations, the court reasons and rules as follows:
After a three-for-one conversion of common stock by the General Electric Company, incident to which it transferred funds from earned surplus to capital, 200 shares of stock held by the trustee became 600 shares. Objection has been taken by the life beneficiary to the allocation by the trustee of all of said shares of stock to the corpus of the trust. The question of proper allocation as between principal and income has recently been passed upon. See Matter of Fosdick (4 Misc 2d 1003, affd. without opinion 3 A D 2d 1000, affd. 4 N Y 2d 646), wherein it was held that 7/12 of such new shares, or the equivalent of 7/8 of such additional shares received, represented a stock dividend, while 5/12 of such new shares, or the equivalent of 1/8 of the additional shares, represented a stock split. It is, therefore, held that under the terms of article Sixth of the trust deed, 350 shares of the General Electric Company $5 par stock belong to income.
As to “ Eights ” received from the American Telephone and Telegraph Company: The objectants assert that by article *893 Sixth of the trust deed, “ all stock or special dividends and stock subscription rights ” should be allocated to income. The guardian ad litem contends that the right given by American Telephone and Telegraph was not the right to subscribe to stock but a right given to stockholders to subscribe to a debenture. But, a stock subscription right is essentially analogous to a stock dividend. (Miles v. Safe Deposit Co., 259 U. S. 247.) Furthermore, it appears that the debenture was convertible into stock. A right to subscribe to convertible debentures, which are convertible into common stock, is a right to subscribe to stock. (See T. I. Hare Powel v. Commissioner, 27 B. T. A. 55 [1932]; Gibson v. Commissioner, 133 F. 2d 308 [C. C. A. 2d, 1943], affg. 44 B. T. A. 950.)
It must also be considered that the trust indenture not only gave the life beneficiary all the income, but the absolute power to dispose of the property by his will. It is thus evident that the settlor intended to confer the maximum benefits upon the income beneficiary. It is concluded therefore that the rights to subscribe to convertible debentures are properly allocable to income, and the sum of $849.18 received by the trustee upon their sale should be so allocated.
As to the Kennecott Copper Corporation stock, the agreed statement of facts show that the trustee transferred $644.11 from income to principal, after receipt of notices from the corporation, that the Treasury Department regarded a portion of its dividends as nontaxable. Such ruling from the Internal Revenue Bureau is not controlling. (Matter of Untermyer, 95 N. Y. S. 2d 2; 2 Scott on Trusts, p. 1341.) The intention of the settlor is the controlling factor, and in view of the provisions of the trust indenture, the sum of $644.11 constituted income and should be returned from principal to income. (See Matter of Lloyd, 292 N. Y. 280, 285.)
The foregoing disposes of the objections interposed.
The balance of the application is held in abeyance pending settlement of a final order and the affidavit of services of the guardian.