Vincent A. Lupiano, J.
Petitioner moves for an order directing the trustees of a trust made on July 6, 1935 to deliver to petitioner, as income, 350 shares of General Electric, $5 par value common stock and for other relief. Petitioner under the indenture of trust was to be paid the net income for her life. In paragraph III (A) of the indenture the settlor directed that ‘ ‘ Any dividend declared or authorized in respect of any stock composing in whole or in part at any time the principal of the trust estate, payable in the securities of any corporation, or of any class of the corporation or association declaring or authorizing the same, shall, at the option of the then cestui que trust be either income or principal. Liquidating dividends shall be principal but dividends received from a company whose assets are usually considered as wasting in nature shall be income.”
In June, 1954, the trustees held 200 shares , of General Electric Company common stock without par value and with a stated value of $6.25 per share. Thereafter the trustees received an additional 400 shares of common stock of General Electric Company with a $5 par value on their 200 shares, and the latter shares were also changed to $5 par value. Thus the trustees held 600 shares of such shares with a par value of $5 each. The foregoing was effected pursuant to resolutions adopted at a *94 General Electric Company stockholders’ meeting by increasing the 35,000,000 authorized shares of said company’s common stock (28,845,927.36 issued) without par value, but with a stated value of $6.25 a share, to 105,000,000 authorized shares (86,537,-782.08 issued), with a par value of $5 per share. The capital of $180,287,046 was increased to $432,688,910.40 by the transfer of $252,401,864.40 from earned surplus. Petitioner contends that 350 shares of the 600 shares of $5 par value constituted a stock dividend, and pursuant to paragraph III (A) of the indenture she elected to have said 350 shares treated as income and paid to her.
The change in capitalization and the stock distribution of General Electric Company involved here was considered by the Court of Appeals in Matter of Fosdick (4 N Y 2d 646). The court held that 7/12ths of the new General Electric shares of stock, or the-equivalent of %ths of the additional shares received, represented “a stock dividend, while 5/12ths of such new shares, or the equivalent of %th of the additional shares received, represented a stock split. This distinction is aptly portrayed in the Fosdick opinion, at page 653: “ The term 1 dividend ’ signifies a distribution of profits or earnings to the shareholders. In its most obvious form it consists of a distribution of cash. It may also be in shares of the corporation. When in this form it is accomplished by segregating that part of the earnings it represents. The segregation is accomplished by capitalization. Therein lies the distinction, as found in the cases, between a mere stock split and a stock dividend. The stock dividend evidences that ‘ the company’s accumulated profits have been capitalized, instead of distributed to the stockholders or retained as surplus available for distribution in money or kind should opportunity offer ’ (Eisner v. Macomber, 252 U. S. 189, 211). A stock split, on the other hand, results from the simple increase in the number of shares without altering surplus or segregating earnings. The distinction has been clearly put in a number of cases and requires no further elaboration here (see Matter of Davis, 11 Misc 2d 372; Matter of Horrmann, 3 A D 2d 5, 7; Matter of Sanford, 4 Misc 2d 487, 495).” (See, also, Matter of Muller, 145 N. Y. S. 2d 283; Matter of Harjes, 12 Misc 2d 891.)
The trustees argue futilely that in Matter of Cunningham (395 Pa. 1), the Pennsylvania court held that “it is clear and indisputable that this (the General Electric exchange of 1954) was not a stock dividend ’ ’, and that decision should control here. As seen, the courts of our State, from Special Term to the Court of Appeals, have held otherwise. No valid arguments have been made by the trustees to warrant the court in not holding that the *95 Matter of Fosdick (supra) controls here. The trustees further argue that we should now alter the traditional meaning of the term “stock dividend ” to comport with the definitions used today by the New York Stock Exchange and some accountants. The Court of Appeals, in Matter of Fosdick (supra, p. 655) also passed upon that point and overruled such contention.
The trustees present, in opposition, section 17-a of the Personal Property Law, which provides for-the treatment of stock dividends where no express provision is made in the indenture. However, in the present situation express provision has been made, rendering this section inapposite. Nor do I agree with the trustees as they argue that what resulted was an ‘ ‘ extraordinary distribution from principal to income”, which the settlor never intended. The answer to this position is also found in the language of the Fosdick opinion (p. 655): “ All we have is the language he [settlor] employed. Examining that language and the sense in which it was used when the deed was executed we are bound to conclude that all stock dividends, as then and now understood, were to be distributed to the legatee. The consequences of that policy are deemed to have been considered and intended by the settlor.” (Emphasis supplied.)
Since the petitioner has exercised her option pursuant (p paragraph III (A) of the indenture, the trustees are directed to distribute to her 350 shares of General Electric Company $5 par value common stock, as income.
The motion is granted. Consideration to the question of awarding counsel fees to the respective counsel will be given upon the settlement of the order herein. Counsel are advised to submit affidavits showing the services rendered. Settle order.