In the Matter of the Estate of Marione C. Fiske, Deceased.

Surrogate's Court, Westchester County, May 14, 1962.

*White & Case* for petitioners. *Edward J. Wren* for respondents. *George R. Sherriff,* as special guardian.

Harry G. Herman, S. In this intermediate accounting by the trustees, the question is presented as to whether a certain stock distribution of American Cyanamid Company received as a stock dividend is to be treated as income or as principal.

Under the will dated April 19, 1940, and admitted to probate on March 11, 1947, the testatrix directed the division of her residuary estate into equal shares among her issue, per stirpes, except that the aggregate shares of the children of a predeceased son was to be $26,000 less in value than the share of her living children. Each share was directed to be held in trust for the benefit of each child and the living issue of a deceased child. The trustees were to receive and distribute from each trust the " rents, issues, interest and income thereof."

Article twenty-first of the will provides as follows:

" All cash dividends, whether ordinary or extraordinary, all dividends payable in the stock of the corporation authorizing or declaring them, and all dividends payable in the stock of a corporation other than the one authorizing or declaring them, shall be treated by my executors and trustees as income.

" All dividends of every nature declared by belco royalties inc., cobel royalties inc., or any corporations engaged in mining, the production of lumber, oil, gas, sulphur, the sale of real estate or other similar activities (commonly called 'wasting asset corporations '), or paid by a corporation holding stock of any such wasting asset corporation or derived, direct'y or indirectly, from the operations of any such wasting asset corporation, shall be treated by my executors and trustees as income."

Early in 1955, about eight years after the death of the testatrix, the trustees acquired certain shares of common stock of American Cyanamid Company. In May, 1957, the company declared " a stock dividend of one share of common stock on each share of common stock * * * to the holders of record at the close of business June 3, 1957;" that upon the issuance of such stock capital surplus was to be charged about 88.6% of the value of these additional shares and about 11.4% charged to earnings. The trustees have tentatively allocated the stock dividend to income, but have retained the stock pending the instant judicial settlement of their accounts. The income beneficiaries urge that this stock dividend be treated as income in view of the aforesaid provisions of article TWENTY-FIRST of the will; the special guardian representing the remaindermen contends that as a result of this stock dividend there has been a dilution in the principal value of the trust; that the quoted market value of the stock after the effective date of the stock dividend was one half of what it was before that date, and that the action taken by the company was a " stock split." The higher market value before the stock dividend date and the lower market value after that date are not determinative of the question here (*Matter of Tealdi*, 16 Misc 2d 685, 688).

The capitalization of surplus capital and earnings, as in this case, results in a stock dividend and not a stock split. (*Matter of Fletcher*, 20 Misc 2d 686.) A stock split increases the number of shares without altering the amount of capital or surplus (*Matter of Davis*, 11 Misc 2d 372). Moreover since the resolution described the distribution as a stock dividend, the court is not justified in viewing as a stock split what the directors regard as a stock dividend (*Matter of Strong*, 198 Misc. 7, affd. 277 App. Div. 1157; *Matter of Lissberger*, 189 Misc. 277).

Section 17-a of the Personal Property Law directs that unless otherwise provided for by the will, a stock dividend must be regarded as principal rather than income. A trustee, however, must obey the command of the testator that a dividend which otherwise would be regarded as principal should be treated as income (*Matter of Lloyd*, 292 N. Y. 280). There is here a clear direction that all stock dividends as well as ordinary or extraordinary cash dividends be treated as income. That income was to be so favored is also confirmed by the direction in the will that dividends from " wasting asset corporations " should also be treated as income.

The will therefore evidences a clear intention that stock dividends were not to be subjected to the rule of the statute, or to an allocation based upon equitable principles, but that such

dividends were to be controlled by the testamentary direction for the treatment of all stock dividends as income. (See *Matter of Chapman,* 208 Misc. 390.) The facts are distinguishable from *Matter of Clark* (29 Misc 2d 253) where the grantor of a trust specified that stock dividends be principal and not income. The entire proceeds of the stock dividend must accordingly be treated as income.