**In re Robert L. PERRIN, Bankrupt.**

**Mildred GOLUB, f/k/a Mildred Buchalter, as Executrix of the Estate of Melvin A. Buchalter, Deceased, Plaintiff,**

v.

**Robert L. PERRIN, Defendant.**

**Bankruptcy No. 79 B 1089.**

United States Bankruptcy Court, S. D. New York.

Jan. 28, 1980.

Leinwand, Maron, Hendler & Krause, New York City,. for defendant.

Solomon B. Terkeltoub, New York City, for plaintiff.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The bankrupt has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as incorporated in Bankruptcy Rule 712(b), to dismiss the plaintiff's complaint in this adversary proceeding on the ground that it fails to state a claim upon which relief can be granted.

The plaintiff is a judgment creditor, the surviving spouse and executrix of the estate of the late Melvin A. Buchalter, who was a partner with the bankrupt in a professional accounting firm. The complaint charges that the plaintiff's judgment against the bankrupt, in the sum of $17,285.93, is non-dischargeable under § 17a(4) of the Bankruptcy Act because the bankrupt violated his fiduciary duties by misappropriating the partnership assets to his own benefit after his partner's death in fraud of the plaintiff's rights as surviving spouse and executrix of the estate of the deceased partner.

For the purpose of a motion under F.R.C.P. 12(b), the well-pleaded material allegations of the complaint are taken as admitted. *Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Walker Process Equipment v. Food Mach. & Chem. Corp.,* 382 U.S. 172, 86 S.Ct. 347, 15 L.Ed.2d 247 (1965); *Clark v. Uebersee Finanz Korporation, A. G.,* 332 U.S. 480, 68 S.Ct. 174, 92

L.Ed. 88 (1947). Accordingly, this court will accept the following allegations in the complaint as fact in determining the sufficiency of the complaint:

"That on the 15th day of June, 1979, the above named bankrupt filed a voluntary petition in bankruptcy in this Court.

That prior to the 8th day of November, 1975, MELVIN A. BUCHALTER, now deceased, was engaged in the practice of accountancy as a partner with defendant under the firm name of Buchalter and Perrin pursuant to a partnership agreement dated June 30th, 1967.

That said partnership agreement provided, among other things, for the purchase of the interest of a deceased partner in said partnership by the surviving partner in the event of death and the fixing of the value thereof in accordance with a certain formula more fully therein set forth and the manner of the payment thereof by the surviving partner to the estate of the deceased instead of the liquidation of the partnership upon the death of a partner.

That said MELVIN A. BUCHALTER died on the 8th day of November, 1975 while a partner in said partnership.

Plaintiff was duly appointed Executrix of the Estate of MELVIN A. BUCHALTER, deceased, pursuant to decree of the Surrogate's Court of the State of New York, County of Queens, on the 16th day of January, 1976 and is still acting as such Executrix.

That the value of the interest of MELVIN A. BUCHALTER, deceased, in said partnership was fixed in the sum of $37,-750.00 in accordance with the formula set forth in the partnership agreement as aforesaid.

That the defendant paid the sum of $24,000.00 to plaintiff on account thereof, leaving a balance of $13,750.00 due and owing to her.

That plaintiff, upon the failure of defendant to pay said sum of $13,750.00 to her was compelled to commence an action against defendant in the Supreme Court of the State of New York, County of Queens for the recovery thereof together with interest from November 8, 1975.

That plaintiff thereafter recovered a judgment against defendant after trial in the sum of $17,285.93 in the Supreme Court of the State of New York, County of Queens on the 5th day of June, 1979 representing said sum of $13,750.00 together with interest from November 8th, 1975 to June 5th, 1979 in the sum of $2,954.18 and the sum of $581.75 costs and disbursements.

* * * * * *

That plaintiff has not been paid said judgment in the sum of $17,285.93, representing the value of the interest of MELVIN A. BUCHALTER, deceased, in the partnership up to the present time."

The crucial allegations in the complaint which purport to convert what would otherwise be a dischargeable judgment debt for nonpayment pursuant to a buy-sell formula under a contract between partners are as follows:

"Upon information and belief, that defendant prior to the payment of the entire sum of $37,750.00 to plaintiff and without the knowledge and consent of plaintiff, transferred all of the assets of the partnership, inclusive of the partnership interest of MELVIN A. BUCHALTER, deceased, to A. L. Eolis & Associates without payment of any consideration therefor and in fraud of the rights of plaintiff and became a partner in said A. L. Eolis & Associates.

* * * * * *

That defendant, upon the death of MELVIN A. BUCHALTER, deceased, became a fiduciary of the partnership assets of Buchalter and Perrin and violated his duties as such fiduciary in that he misappropriated the assets thereof to his own benefit and transferred the same to A. L. Eolis & Associates without value or consideration and in fraud of the rights of plaintiff."

In essence, the plaintiff charges that the bankrupt transferred "all of the assets of the partnership, inclusive of the partnership

interest" of the plaintiff's deceased spouse to another partnership which the bankrupt joined after the death of his partner, without fulfilling his contractual obligation of making full payment to the plaintiff, as spouse of the deceased partner, of the amount determined in accordance with the agreed formula in the buy-sell contract. Thus, the plaintiff urges that such conduct constitutes a misappropriation by the bankrupt while acting in a fiduciary capacity within the meaning of § 17a(4) of the Bankruptcy Act.

The bankrupt's initial argument is that the trust relationship between partners does not create a "fiduciary capacity" as required under § 17(a)(4) of the Bankruptcy Act, citing *In re Frazzetta,* 1 F.Supp. 122 (W.D.N.Y.1932); *Gee v. Gee,* 84 Minn. 384, 87 N.W. 1116 (1901) and the language expressing this proposition in 1A *Collier on Bankruptcy,* ¶ 17.24, footnote 19, page 1711. Had the bankrupt cited the *Collier* footnote 19 completely perhaps this court might not have had to tarry with this disingenuous position. The *Collier* footnote goes on to state:

"But when a partnership is dissolved by the death of one of the partners the survivor becomes a trustee and holds the partnership moneys in a 'fiduciary capacity' for the representatives of the deceased." [Id.]

Section 43 of the *New York Partnership Law,* which this court must apply in the light of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), is consistent with the creation of a fiduciary relationship between a surviving partner and the representative of a deceased partner. This point is expressed in the statute as follows:

"§ 43. *Partner accountable as a fiduciary*

1. Every partner must account to the partnership for any benefit, and hold as trustee for it any profits derived by him without the consent of the other partners from any transaction connected with the formation, conduct, or liquidation of the partnership or from any use by him of its property.

2. This section applies also to the representatives of a deceased partner engaged in the liquidation of the affairs of the partnership as the personal representatives of the last surviving partner."

The courts in New York have repeatedly declared that a surviving partner is the legal owner of the partnership property and holds it in trust in a fiduciary capacity for the deceased partner's representatives. *Russell v. McCall,* 141 N.Y. 437, 36 N.E. 498 (1894); *Josephberg v. Cavallero,* 262 A.D. 1, 27 N.Y.S.2d 361 (1st Dept. 1941); *Bauchle v. Smylie,* 104 A.D. 513, 93 N.Y.S. 709 (1st Dept. 1905).

The issue, therefore, is not whether the bankrupt occupied a fiduciary capacity, but was the bankrupt's alleged transfer of the assets of the partnership accounting practice to another accounting firm an actionable misappropriation in violation of the plaintiff's rights?

The plaintiff contends that the partnership accounts were valuable assets which could not be transferred by the bankrupt to the accounting firm that he joined without full payment to the plaintiff. Hence, the plaintiff concludes that such failure to make full payment in accordance with the formula in the partnership buy-sell agreement, as reflected by the state court judgment in her favor, constitutes a nondischargeable liability for misappropriation of partnership assets.

The plaintiff correctly observes that the essential, and usually only, assets of a professional accounting firm are the accounts which it services on a regular basis. These accounts comprise the good will of the partnership's accounting practice which may be bought and sold for substantial sums of money. Thus, the plaintiff cites *Sorenson v. Nielson,* 240 N.Y.S. 250 (Sup.Ct., Kings Co.1930) for the proposition that a partner in a commercial partnership engaged in an export and import trade on a commission basis can be held liable for misappropriating the firm's most valuable account. The court noted: (P. 259)

"This account was part—the most valuable part—of the firm's good will and an asset of the firm  .  .  .".

■ However, the partnership in the instant case was not a commercial firm, as in *Sorenson v. Nielson,* supra; it was a professional partnership engaged in the practice of accounting services. It has long been held that a business dependent solely on the personal skill and professional qualifications of its members has no good will to be distributed as a firm asset on its dissolution. *Bailly v. Betti,* 241 N.Y. 22, 148 N.E. 776 (1925); *Siddall v. Keating,* 8 A.D.2d 44, 185 N.Y.S.2d 630 (1st Dept. 1959) aff'd 7 N.Y.2d 846, 196 N.Y.S.2d 986, 164 N.E.2d 860 (1960); *Mendelsohn v. Equitable Life Assur. Soc.,* 178 Misc. 152, 33 N.Y.S.2d 733 (App.Term, 2d Dept. 1942). The partnership between the plaintiff's decedent and the bankrupt was dissolved by the death of one of its members. See § 62(4) *New York Partnership Law; Storer v. Ripley,* 12 Misc.2d 662, 178 N.Y.S.2d 7 (Sup.Ct., N.Y. Co.1958). On the death of a partner, title to the partnership assets and property vests in the survivor as legal owner. *Williams v. Whedon,* 109 N.Y. 333, 16 N.E. 365 (1888); *In re Fiske,* 35 Misc.2d 289, 229 N.Y.S.2d 34 (Sup.Ct., Kings Co.1962).

■ Thus, as surviving partner, the bankrupt was the legal owner of the partnership property and held it in trust in a fiduciary capacity for the plaintiff, as representative of the deceased partner. *Josephberg v. Cavallero; Bauchle v. Smylie,* supra.

■ The extent of the bankrupt's duty to account to the plaintiff was defined by the formula in the buy-sell agreement between the partners which was fixed at $37,750.00, according to the allegations in the complaint. It is further alleged that the bankrupt paid $24,000 to the plaintiff on account and that the balance of $13,750 was reduced to a judgment against the bankrupt. Therefore, the bankrupt's liability to the plaintiff arises not out of his failure to account to the plaintiff, for partnership assets, but rather out of the bankrupt's failure to make full payment to the plaintiff under the buy-sell contract.

In other words, the bankrupt's duty to account to the plaintiff for the assets of the partnership to which he had title was merged into a contractual obligation to pay the plaintiff a fixed amount for these assets in accordance with the contractual formula previously agreed to by the partners. The balance due under the bankrupt's contractual obligation to pay a fixed amount for the partnership assets was reduced to a money judgment in plaintiff's favor.

■ The bankrupt's breach of contract to pay fully for the deceased partner's interest in the partnership does not constitute a misappropriation of partnership assets. These assets were lawfully acquired by the bankrupt upon the death of his partner. The bankrupt has not failed to account for partnership assets; he has failed to pay the balance owed under a formula that fixed the value of the partnership assets in lieu of the survivor having to account for their value.

■ The servicing of former partnership accounts by the firm to which the bankrupt allegedly transferred these accounts and which he later joined, does not constitute a misappropriation of the former partnership's good will, since the good will of the accounting partnership did not survive the dissolution of the partnership.

Accordingly, the complaint in question, which is bottomed on the plaintiff's state court judgment, reflecting the bankrupt's failure to pay the balance due under the buy-sell contract, does not assert a nondischargeable claim for misappropriation while acting in a fiduciary capacity within the meaning of § 17a(4) of the Bankruptcy Act. The complaint is therefore dismissed.

So Ordered.