Aron Steuer, J.
This is an application by the trustees of an inter vivos trust for approval of their final account. The sole question is whether certain stock received by the estate is to be considered as a stock dividend or otherwise.
*157 (The trust agreement originally provided that all dividends paid or payable in securities should be considered and treated as principal. The settlor reserved the right to amend the trust agreement and in 1950 he changed the above provision directing that during his lifetime all dividends, whether payable in cash or securities shall be considered as income but that after, his death those paid in securities should be deemed as principal.
In the trust were 300 shares of Standard Oil (New Jersey) having a par value of $25 per share. In 1951, and during the lifetime of the settlor the directors changed the par value of the stock to $15 per share and issued two of the new shares for each one of the old, so that the estate here received an additional 300 shares. At the same time the directors transferred certain funds from the capital surplus account and earned surplus accounts to the capital account. Of these funds over 98% came from the capital surplus account.
The trustee retained 300 of the new shares in the trust and delivered the remaining 300 to the settlor-life tenant. The objection to the accounting centers around the claim that these shares should have been retained in the trust.
The distinction between a stock dividend and a split-up of shares has been ably defined (Matter of Laurie, 119 N. Y. S. 2d 906). The distinction drawn is that shares issued to represent capitalization of earnings or profits constitute a dividend while a mere increase in the number of shares is a split-up. This distinction, however well recognized in financial parlance, is purely one of accounting. It might and possibly does have some purpose in clarifying changes in corporate financial structure, but basically in fact it is without meaning. A dividend is a distribution of corporate assets, generally money resulting from earnings. Neither in a stock 11 dividend” nor a split-up is there any distribution of assets. The stockholder has exactly what he had before, though the symbols of his ownership undergo a change. The fact that there is a simultaneous change in the label of corporate accounts is equally illusory. Whether the account is designed as capital or surplus or undistributed earnings or whatever may be, it was and remains an asset of the corporation. The stockholder upon dissolution becomes entitled to his proportionate share of the account regardless of its label on the corporate books. A change in the name of the account is absolutely without effect on this right. It follows that there is no such thing as a stock dividend when that term is used to describe a distribution by a corporation of its own common stock to its shareholders. (A dividend may, of course, be paid in the stock of another *158 corporation or in securities of the paying corporation other than common stock.)
But oddly enough despite the chimerical character of the distinction courts have been repeatedly called upon to say in which of the supposed classifications a given transaction falls. (See Matter of Lissberger, 188 Misc. 811; Matter of Strong, 198 Misc. 7, and several others.) In these instances the courts were not seeking to set out the distinguishing characteristics of two financial phenomena but rather the supposed distinctions which are inherent in the provisions of the wills and trust indentures involved. In this instance it is comparatively simple. The settlor meant that the trustee was to regard as income anything — including every piece of paper- — -that the trustee received in addition to what he already had. He, the settlor, reserved the right to himself to change the instrument at will. Surely, under those circumstances, his interpretation of it should be paramount, superior to dictionary or the courts. What he meant is not difficult to deduce from the change he made and the acts performed pursuant to it.
The objection to the account is overruled.
Counsel may arrange to meet in chambers for the resolution of questions regarding fees and allowances.