William T. Collins, S.
In this petition by the Chase Manhattan Bank to render an account as trustee the instructions of the court are asked concerning the allocation to be made between principal and income of three stock distributions made to the trust.
The trust was established by the will of decedent, Herman J. Muller. It provides that the income be paid to his widow during *85 her life and on her death the trust be divided and continued for the benefit of his children and their descendants, being paid over on certain contingencies. Referring to this trust, testator provided: “ I direct that all stock dividends, extraordinary-cash or scrip dividends shall be deemed income under the terms of the trust herein created.”
The first of the three distributions in issue occurred as follows : the trust had held 100 shares, par value $14, of American Viscose Corporation common stock which it purchased on February 28, 1950. On November 15, 1950 Viscose issued two new shares, par value $25 common stock for each share previously outstanding.
The board of directors called this transaction a stock split. However, if it was in actual fact a distribution of stock on the capitalization of funds available for the payment of cash dividends, the court is free to find that the distribution is in reality a stock dividend. (United States Trust Co. v. Heye, 224 N. Y. 242; Matter of Norton, 129 Misc. 875, 884.)
In order to effect the alleged “ stock split ” two surplus items totaling $74,030,796 were capitalized, $12,441,618 from capital surplus and $61,281,126 from earned surplus. Until that time there was $28,789,754 carried in the common stock capital account. The total in the common stock capital account after the above transfers was $102,820,550. Thus the capitalized surplus was 72% of the common stock capital account after the distribution. Since these amounts had been available for the payment of dividends 72% of the new shares are equivalent to stock dividends.
It appears that shortly after the distribution the trustee sold 100 shares of this stock. Therefore, 72% of the proceeds from this sale should be treated as the proceeds of the sale of a stock dividend.
Section 17-a of the Personal Property Law directs that: “ Unless otherwise provided in the will * * * any dividend which shall be payable in the stock of the corporation * * * declaring * * * such dividend * * * shall be principal and not income of such trust.” In the present instance since the will does direct otherwise, that is, all dividends shall be treated as income, 72% of the proceeds of the sale of the 100 shares of stock shall be treated as income together with 72 shares of the stock itself.
The second distribution in issue is the 25% stock dividend declared by the American Viscose Corporation November 23, 1955. This dividend was effected by a transfer of $25 for each new share issued from the earned surplus to the common stock *86 capital account of the corporation. Therefore, the 25 shares issued to the trust should be allocated to income.
The third distribution involved is a conversion by Standard Oil Company (N. J.) of each share of its common stock, par value $15, into three shares, par value $7. This conversion was effected by a transfer of $364,828,659 from capital surplus and $27,784,185 from earned surplus to capital. Before the conversion the capital amounted to $981,532,110. Thus after the transfer 71.42857 % of the new stock reflected the pre-existingcapital account, 2.02192% of the transfer from earned surplus and 26.54950% from capital surplus.
The trustee had indicated that there may be some doubt as to whether the $364,828,659 transferred to capital from capital surplus would have been available under the laws of New Jersey for the declaration of a dividend. Section 14:8-20 of title 14 of the New Jersey Revised Statutes of 1937 provides: “ Unless otherwise provided in the certificate of incorporation, or in any by-law adopted * * * the directors of every corporation organized under this title may, in their discretion, from time to time, fix and vary the amount of the working capital of the corporation and determine what, if any, dividends shall be declared and paid to stockholders out of its surplus or net profits ”. The trustee suggests that under the wording of this' section the phrase “ surplus or net profits ” might be susceptible of being interpreted to mean “ out of surplus profits or net profits ”. Since the word “ surplus ” is unqualified there is no reason to qualify its plain meaning. This was so held in National Newark & Essex Co. v. Durant Motor Co. (decided by the New Jersey Court of Chancery 1938) 124 N. J. Eq. 213, affd. 125 N. J. Eq. 435. It had been argued that the statutory and identical charter provisions prohibited the declaration of a dividend from capital surplus. In overruling this contention, the court stated (p. 218): “ Petitioner desires to exclude from income available for dividends, profits from the sale of capital assets, or from the settlement or acquisition of any of its capital securities or other obligations. Profit from the sale of a capital asset • — ■ unless the company be in liquidation — enters into earnings or surplus account and is a proper source of dividends. Hyams v. Old Dominion Copper. & C., Co., 82 N. J. Eq. 507, 83 N. J. Eq. 705.”
Thus, under New Jersey law Standard Oil was authorized to declare a stock dividend out of capital surplus.
The court holds that 72% of the distribution of American Viscose Corporation in 1950, the entire 1955 25% stock dividend and 28,57% of the 1956 distribution of Standard Oil Co. (N. J.) *87 should be allocated to the income beneficiary; that the balance of these distributions should be allocated to the principal of the trust.
Objections having been filed to the fees requested by the attorneys for the trustee, the matter will be set for a hearing for the determination of such fees on a future date, unless the parties stipulate that this court fix the fees upon the papers submitted.