S. Samuel Di Falco, S.
The litigated issue in this proceeding is the allocation of certain stock distributions between the income beneficiary and the principal interests of the trust here being accounted for. The investments through which the distributions were derived were made in 1955 in shares of General Motors Corporation, Standard Oil Company of New Jersey, and Socony Mobil Oil Company. In November, 1956 the trustee held 75 shares of General Motors Corporation and *258 received an additional 150 shares. In March, 1956 the trustee held 50 shares of Standard Oil Company of New Jersey and received an additional 100 shares. In June, 1956 while holding 100 shares of Socony Mobil Oil Company the trustee received an additional 25 shares. Two of these corporate distributions have been the subject of judicial consideration in other estates and it has been held that the General Motors Corporation distribution constituted a stock split (Matter of Thoms, 4 Misc 2d 987) and the distribution by Standard Oil Company of New Jersey a combined stock dividend and stock split (Matter of Muller, 5 Misc 2d 83).
Were the will silent as to the disposition required to be made by the trustee of these distributions, the additional shares received by reason of the stock splits would be allocated to the trust principal in order to avoid a diminution of principal. The additional shares received as a stock dividend also would be allocated to principal because section 17-a of the Personal Property Law dictates such a distribution of stock dividends as a means of facilitating estate administrations despite any inequity resulting therefrom. Of course, the disposition of stock dividends as well as other stock distributions can be controlled by a testator in which event allocation is governed neither by rules of equitable apportionment nor by section 17-a of the Personal Property Law. This testator has provided such a direction in the seventh article of his will where he said:
‘ ‘ All dividends, distributions and divisions of whatsoever sort, whether in cash or stocks, issued upon or in respect of stock of any corporation forming part of my estate or any trust fund herein created, including, but not by way of limitation, liquidating dividends, shall be paid over as income to the person or persons entitled to receive the income from such trust fund.”
The quoted direction is clear and unambiguous and there is no occasion to labor its interpretation. The direction that all dividends “ whether in cash or stock * * * shall be paid over as income ” comprehends all stock dividends. The direction that all “ distributions and divisions of whatsoever sort * * * including, but not by way of limitation, liquidating dividends, shall be paid over as income ” is an explicit mandate that stock distributions and divisions ordinarily applicable to principal shall be paid over as income. The testator in so providing necessarily was cognizant of the fact that compliance with his directions would not maintain the trust principal intact and that a diminution of principal was bound to result. That was the result he foresaw and wanted.
*259 Directions for the allocation ■ of stock dividends to income, contrary to section 17-a of the Personal Property Law, have become quite usual although it is apparent that such allocation is no more equitable than the method prescribed by the statute and such allocation often works an impairment of trust principal. The thought of depleting trust principal for allocation of stock splits and liquidating dividends to income may run counter to standard trust provisions but the right of a testator to accomplish this result is not subject to challenge. Here the testator had a huge fortune at his disposal with more than ample funds to provide for his kin and he could well afford to be generous to the income beneficiaries. Whatever the testator’s motive may have been, the issue must be determined on the basis of the particular directions given by him which are that stock dividends, stock distributions, and stock divisions be paid out as income. In Matter of Horrmann (3 A D 2d 5, 7) the court said that the settlor’s use of the word “ dividend” was the touchstone. So here the words “ dividends, distributions, and divisions of whatsoever sort ” are all encompassing words and must be given the significance to which common usage entitles them.
The trustee acknowledges that the seventh article of the will, read alone, can be given no different construction but the trustee urges that the circumstances existing at the date of the will as well as the general testamentary scheme limit the application of the seventh article to the holdings of the testator in a particular corporation whose assets were of a wasting nature. Neither the extraneous proof nor anything found in the will justifies this conclusion. The testament consists of a will and eight codicils, all executed on the same date before the same witnesses. The powers and authority of the fiduciaries are enumerated in great length in the most artful language and there can be no question of the draftsman’s ability to provide language applicable only to the administration of a particular asset had either the peculiar nature of that asset or the desire of the testator indicated the need for such limitation. Not only has this will been construed in the past as permitting investments currently available to fiduciaries but it explicitly grants a broad investment authority to be exercised in the trustee’s discretion under changing economic conditions. In accordance with the authority granted by the will the trustee invested in the corporations whose shares now present the problem at issue. It is inconceivable that, in view of such investment powers, the testator intended the seventh article of his will to apply to a *260 single corporation only yet failed to so limit the application of this article of the will by any identification of or reference to the singular purpose for which it is said he intended it.
It is held that the stock distributions are payable to the income beneficiary.
Submit decree on notice.