Joseph A. Cox, S.
In this proceeding for construction of article Eighth of the decedent’s will instructions have been requested as to the proper allocation of stock dividends received and to be received by the trustee. The specific language of that portion of article Eighth of the will sought to be construed and as to which instructions are requested is as follows: “ I direct that all stock dividends, extraordinary cash and scrip *33 dividends shall be deemed income under the terms of the trust herein created.”
The testator at the time he made his will in 1929 was a senior member of a large stock brokerage firm known as Carlisle Mellick & Company. It must be presumed that at the time he made his will he knew of the existence of section 17-a of the Personal Property Law as amended in 1926. Had he wished the stock dividends received by the trustee to be allocated to principal he had the option of either making a positive direction to that effect or to remain mute on the subject relying on section 17-a of the Personal Property Law. The testator instead chose to make a specific direction that “ all stock dividends * * * shall be deemed income under the terms of the trust herein created ”. In such cases the rule to be followed in the allocation of stock dividends between income and principal is well settled and needs no lengthy review or elaboration. Our courts have consistently held and the Court of Appeals has just recently affirmed that a distribution of stock that represents a capitalization of earnings is a “ dividend ’ ’ and as such must be distributed as income to the income beneficiaries where the will so directs (Matter of Fosdick, 4 Misc 2d 1003, affd. 3 A D 2d 1000, affd. 4 N Y 2d 646; Matter of Berger [Bankers Trust Co.], 6 Misc 2d 468; Matter of Muller, 145 N. Y. S. 2d 283; Matter of Osborne, 209 N. Y. 450).
In the case at bar the Continental Oil Company amended its certificate of incorporation so as to increase its authorized capital stock from 12,000,000 shares of $5 par value to 24,000,000 shares of $5 par value. Thereafter, by corporate resolution, the Continental Oil Company declared a “ share for share” distribution made possible by the aforesaid change in its capital structure and authorized a distribution of 9,772,231 additional shares on the basis of one additional $5 par value share for each such share issued and outstanding on January 23, 1957. Simultaneously the said Continental Oil Company transferred from earned surplus to the capital stock account the sum of $48,861,155 or $5 for each additional share issued, thereby doubling its capital stock account. Following the rule herein-above set forth and previously enunciated by our courts it is apparent that the entire 200 shares of Continental Oil Company stock received by the trustee is a stock dividend within the purview of article Eighth of the testator’s will and should be distributed to the income beneficiaries.
Submit decree on notice accordingly.