Joseph A. Cox, S.
This proceeding has been brought for the construction of those provisions of the testator’s will, pertaining to the allocation of stock dividends, which have been considered by Surrogates of this court in five prior decisions (Matter of Muller, N. Y. L. J., Nov. 29, 1956, p. 9, col. 2 ; Matter of Muller, 145 N. Y. S. 2d 283 ; Matter of Muller, 5 Misc 2d 83 ; Matter of Muller, 15 Misc 2d 32). It would seem that such earlier determinations have established the law of the ease (Matter of Pessano, 181 Misc. 295 ; Matter of Leverich, 135 Misc. *1074 774, affd. 234 App. Div. 625 ; Matter of Moran, 136 Misc. 615, 622) but at this time the trustee introduces an argument, premised upon a most pertinent fact which, if referred to at all in prior proceedings, obviously was not presented as a basis for decision in such proceedings. All of the decisions made in this estate upon the question of stock dividend allocations plainly disclose that the issues were submitted upon the New York law applicable to the question but the trustee now asserts that the law of New Jersey is controlling. In this contention, late as it is, the trustee is correct (Decedent Estate Law, § 47) inasmuch as the present record discloses that the testator died a resident of New Jersey and, because of this fact, construction of the will will be considered a sixth time.
The instant question concerns a distribution of stock by the Ohio Edison Company which, by appropriate corporate action, doubled the number of its outstanding shares and at the same time increased the par value of each share from $12 to $15. As a result of this action the trustee, then holding 330 shares of the company, received an additional 330 shares of a par value of $15 each and the trustee was advised that the shares previously held were to be deemed to be 330 shares with a par value of $15 each. This recapitalization was accomplished by transfer to the capital common stock account of the corporation of the capital surplus of the company, which amounted to $75,814,660, together with the sum of $39,146,822 from earned surplus. This transfer of amounts totaling $114,961,482 resulted in an increase of the common stock capital from $76,640,988 (6,386,749 shares with a par value of $12 per share) to $191,602,470 and permitted the company to issue shares to the number of 12,773,498 with a par value of $15 per share.
The testator’s will directs that “ all stock dividends, extraordinary cash or scrip dividends shall be deemed income ” but the trustee’s position is that none of the newly distributed shares represented a dividend of the character mentioned in the will and all of the 660 shares which the trustee held following the distribution of new shares constituted trust principal. The court is not referred to any New Jersey authority which justifies the conclusion of the trustee. Subsequent to the death of this testator New Jersey enacted legislation governing the disposition of stock dividends but that statute does not have retroactive effect and the governing law is that created by judicial decisions. New Jersey, like New York, has consistently held that a testamentary expression of intention is controlling with respect to the allocation of stock distributions. In the case of Matter of Fisher (115 N. J. Eq. 329, 332) it was said: “We *1075 agree with the vice-ordinary who said, ‘ whether stock dividends or extraordinary dividends or increase in value on sale or other liquidation are to be deemed (in whole or in part) income payable to the life tenant instead of corpus, the controlling factor is always the intent of the testator as expressed in the will. McCracken v. Gulick, 92 N. J. Eq. 214 (at p. 216) ; 112 Atl. Rep. 317; McCoy v. McCloskey, 94 N. J. Eq. 60 (at p. 63) ; 117 Atl. Rep. 473 ; Hagedorn v. Arens, 106 N. J. Eq. 377 (at p. 379) ; 150 Atl. Rep. 4 ; Union County Traction Co. v. Gray, 110 N. J. Eq. 270 (at p. 278) ; 159 Atl. Rep. 625 (at p. 629).’ ”
A further statement appears in Central Hanover Bank & Trust Co. v. Bruns (16 N. J. Super. 199, 210) wherein the court stated:
“ Ordinarily where corporate stock is held in trust for a life tenant and a remainderman, and a stock dividend is thereafter declared representing more than the corporate earnings subsequent to the creation of the trust, such stock dividend is partly income and partly corpus, and has to be apportioned accordingly between the life tenant and the remaindermen. Day v. Faulks, 79 N. J. Eq. 66 (Ch. 1911), affirmed 81 N. J. Eq. 173 (E. & A. 1912) ; McCracken v. Gulick, 92 N. J. Eq. 214 (E. & A. 1920) ; Hagedorn v. Arens, 106 N. J. Eq. 377 (Ch. 1930).
“ But this rule does not apply where the testator provides otherwise in his will. In that event it is the plain intent of the testator that is to govern. In re Fisher, 115 N. J. Eq. 329 (E. & A. 1934) ; Hagedorn v. Arens, supra, at page 379.”
The same ruling was made in Jackson v. Jackson (22 N. J. Super. 269).
The New Jersey courts have recognized that the enforcement of a testator’s declared intent is not a rule of property and that neither normal accounting practice nor the balancing of equitable considerations enters into the situation (Matter of Fera, 26 N. J. 131). The highest court of this State expressed the identical view in Matter of Fosdick (4 N Y 2d 646) and it must be acknowledged that section 17-a of the Personal Property Law and the statutes of other jurisdictions have little equitable basis and constitute merely rulings of convenience. The New York statute concededly declares that, in the absence of testamentary direction to the contrary, stock dividends which, at least in part, constitute trust income nevertheless are to be paid to trust principal. The converse is that a testator may direct ' ‘ that what. would otherwise be deemed principal should be income ” (Matter of Fera, supra, p. 143).
This court finds that the ultimate result to be reached by application of New Jersey law is not different from that reached. *1076 in prior decisions in this estate which applied New York law and, accordingly the total amount available for the payment of dividends ($114,961,482) and capitalized to permit this stock distribution represents a stock dividend. This Ohio corporation was permitted under the law of its incorporation to declare a dividend from capital surplus (Ohio General Corp. Law, § 1701.32 et seq.) and, since the total amount transferred to capital account and available for dividend purposes constituted 60% of the total common stock capital account following the transfer, the income beneficiary is entitled to 60% of the shares, or to the amount so transferred to provide the stock dividend. The practice in New Jersey appears to be to permit the shares of stock on a distribution to go to corpus subject to a charge thereon in favor of the income beneficiary in an amount representing the latter’s participation (Matter of Wehrhane, 41 N. J. Super. 158).
Despite its reliance upon New Jersey law, the trustee contends that the decision in Matter of Payne (Bingham) (7 N Y 2d 1) has discredited earlier decisions in this State. Whatever was said in the Payne case, which may be regarded either as critical of prior decisions or as indicating a new approach to the problems of dividend allocation, was entirely dicta and the court in fact stated that it made no attempt to alter previously existing rules or indeed made no decision as to the existence of a need for any new approach to the problem (7 N Y 2d 12). Submit decree on notice construing the will.