Joseph A. Cox, S.
In its prior decision in this proceeding (28 Misc 2d 1073) the court ruled that the shares of stock which were capitalized by the transfer of $114,961,482 to the capital common stock account of the corporation represented a stock dividend. It was held further that under the terms of this testator’s will the trust income beneficiary became entitled to so much of the stock dividend as was received by the trustee under the will. The amount so transferred by the corporation to its capital common stock account represented 60% of the total amount in that account after such transfer and, consequently, the shares in this trust estate so capitalized by transferred funds constituted 396 of the 660 shares which were issued and outstanding in the hands of the trustee following the recapitalization.
Under the decisions in this jurisdiction the income beneficiary would be entitled to 396 shares of stock but in its prior decision the court indicated, without ruling, that New Jersey practice might permit- payment to the income beneficiary of a cash amount rather than shares of stock. The parties now have briefed this question, the income beneficiary insisting upon distribution of shares of stock and the trustee contending that payment should be made in cash.
*745 New Jersey decisions have recognized that the dollar amount of earnings transferred to capital to permit the issuance of new stock may not be sufficient to purchase an equivalent number of shares upon the market and, for such reason, an award of the new shares would work injustice between income interests and capital interests. Accordingly, such decisions have held the income beneficiary to be entitled only to an interest in the new stock equivalent to the amount of capitalized earnings, such interest being a charge upon the stock which may be realized by a sale of so much of the new stock as may be necessary to satisfy the charge (Day v. Faulks, 79 N. J. Eq. 66, affd. 81 N. J. Eq. 173; McCracken v. Gulick, 92 N. J. Eq. 214; Hagedorn v. Arens, 106 N. J. Eq. 377; Matter of Wehrhane, 41 N. J. Super. 158; Matter of Terhune, 50 N. J. Super. 414). In McCracken v. Gulick (supra) it was said: “ This rule has the merit of simplicity; it protects the corpus against wasting by stock dividends, and gives the life tenant that portion of the earnings irrevocably taken from the life tenant to pay for the new stock; he loses the advantage of securing market value for the stock when it is at a premium. That market value goes to the corpus if the trustee chooses to sell to satisfy the charge.”
(This rule is considered in Ann. 56 A. L. R. 1299; 130 A. L. R. 566; 44 A. L. R. 2d 1295; 4 Bogert, Trusts and Trustees, § 850, p. 358, and 98 Trusts and Estates, p. 926.) All the cases cited above involved the apportionment of stock dividends between income and corpus under trust instruments which did not contain an explicit direction for the payment of stock dividends to either income or corpus and, while the court’s attention has not been called to any authority drawing this distinction, it has been held in a case where the trust instrument provided for the disposition of stock dividends that shares of stock were distributable (Matter of Conway, 29 N. J. Super. 598). While there seems to be an absence of definitive authority distinguishing between the methods of apportionment under an instrument which is silent as to stock dividends and an instrument which contains a disposition of stock dividends, nevertheless there would appear to be a basis for distinction. The justification for the rule considered in McCracken v. Gulick (supra) was the protection of corpus against waste, which is a consideration that does not enter into the operation of an instrument containing a clear direction by the creator of the trust for, as discussed in this court’s earlier opinion, equitable considerations play no part in the apportionment problem when the intention of the trustor has been established.
*746 This will does contain an explicit disposition of the stock dividends and, for this reason, it is held that under this will the income beneficiary is entitled to 396 shares of the stock in question. Allowances have been fixed and decree signed.