Harry G. Herman, S.
In this accounting proceeding by the sole surviving trustee the petition requests that the court furnish advice and directions as to the allocation as between principal and income of certain stock distributions made by General Electric Company and Standard Oil Company of New Jersey.
The decedent died in April, 1940 and his will dated February 7, 1939 was admitted to probate by a decree of this court dated May 28, 1940. The will named decedent’s widow and Bankers Trust Company as executors and trustees and both served until the death of the widow in September, 1961. Bankers Trust Company is also the executor of the will of the widow of the decedent and has instituted this accounting proceeding also in its capacity as executor of the deceased cotrustee.
By his will, testator devised and bequeathed his residuary estate to these two trustees and directed that the net income be paid to his widow during her lifetime with provision for payment of the remainder to certain designated relatives, one of whom, a daughter of a deceased niece, appears by her special guardian.
The will provided that dividends payable in stock should be considered and deemed to be income under the will and empowered the executors and trustees to determine whether any amounts received or disbursed by them should be charged to principal or income. The corporate trustee advised the widow, the income beneficiary, of these stock distributions and that it was treating the new shares as principal pending a judicial determination. It also suggested to her that if she were not in accord that she could, if she so desired, institute proceedings. She made no response. No position has been taken by the corporate trustee in this proceeding however.
Under section 17-a of the Personal Property Law, all stock dividends are allocable to principal unless otherwise provided by the will, deed or other instrument. Here, however, the testator has otherwise provided by his will since he has directed that stock dividends shall be deemed to be income rather than principal. It follows that the intention of the testator must be ascertained from the provisions of the will in order to determine the extent to which stock dividends are to be treated as income (Matter of Horrmann, 3 A D 2d 5). A reading of the will clearly indicates that it was testator’s intention to give the entire income to his wife, the life beneficiary of the trust. It appears, however, by such direction he did not intend that there *1053 was to be an impairment of principal thereby as the will contains a statement to the effect that he and his wife had tried “ to take the places of onr respective parents in relation to our brothers, sisters, nieces and nephews in both families.”
In 1953 the trustees held 60 shares of stock of General Electric Company and in June of 1954 received 120 additional shares of such stock. As a result, the trust now holds 180 shares of General Electric Company stock and the court is asked to determine the allocation as between principal and income of the 120 shares received as a stock distribution. In Matter of Fosdick (4 N Y 2d 646) the Court of Appeals reviewed this identical stock distribution and held that 7/12 of the new stock came from earned surplus and represented a stock dividend and was therefore to be treated as income and that the remaining 5/12 constituted a stock split and was to be treated as principal. The court accordingly determines that to the extent of 7/12 the stock distributions should be treated as a dividend and allocated to income and that the remaining 5/12 be treated as principal under the determination made in Matter of Fosdick (supra).
As to the shares of stock in Standard Oil Company of New Jersey, it appears that the trustees purchased 30 shares of such stock in 1946 and now hold 180 shares as a result of a two for one distribution made in 1951 and a three for one distribution made in March of 1956.
In Matter of Horrmann (3 A D 2d 5, modfg. 4 Misc 2d 156, supra) the trust indenture provided that all dividends payable in cash or securities whether ordinary or extraordinary should be treated as income. The trustees held 300 shares of Standard Oil Company of New Jersey and had received a stock distribution of 300 additional shares in 1951. The Appellate Division held that as to the stock distribution of 300 shares, 200 shares represented a stock split and were to be regarded as principal, and that the remaining 100 shares were allocable to income. This conclusion was reached through an interpretation of the phraseology of an inter vivos trust instrument.
The stock distribution made by Standard Oil Company of New Jersey in 1956 has been the subject of review by several courts of original jurisdiction under comparable provisions of wills or trust agreements directing that stock dividends were to be treated as income rather than principal. (See Matter of Muller, 5 Misc 2d 83; Matter of Tealdi, 16 Misc 2d 685; Matter of Thoms, 4 Misc 2d 987, appeal dismissed 5 A D 2d 954; Matter of Parsley, 21 Misc 2d 461.) A direction that stock dividends shall be treated as income does not extend to stock splits which have been regarded as distributions of principal, and the courts have *1054 generally interpreted such a direction to include as income a stock dividend supported by capital surplus as well as earned surplus (Matter of Muller, supra; Matter of Chapman, 208 Misc. 390; Matter of Davis, 11 Misc 2d 372).
In Matter of Payne (Bingham) (7 N Y 2d 1) the court reviewed the question of the proper allocation of extraordinary stock distributions between principal and income under a trust created prior to the enactment of section 17-a of the Personal Property Law. The instrument was silent as to the allocation of stock dividends as between principal and income. It was held that the source of the dividend should be examined in order to determine whether that which was being distributed was capital surplus, or such distribution constituted earnings of the company since the acquisition of the stock by the trust. The court determined that to the extent to which the dividend was supported by a transfer from capital surplus, the dividend did not represent such earnings, and in effect limited the income beneficiary to the number of shares supported by the transfer of earned surplus.
In Matter of Schoenhair (34 Misc 2d 884) the court was required to allocate among other stock distributions, one declared on shares of Standard Oil Company of New Jersey acquired by the trustee in 1943. By the trust indenture all cash dividends and all stock dividends were to be treated as income. The court applied the rule enunciated in Matter of Payne (Bingham) (supra) and allocated to income the relatively small percentage which represented a transfer from earned surplus and approved the proposed allocation made by the trustee. Of the 1,200 shares then held by the trustee, the court allocated 1,173.29 shares of stock to principal and 26.71 shares to income.
The court is in accord with the conclusion reached in Matter of Schoenhair (supra) and of the 180 shares held by the trustee will allocate 175.99 shares to principal and 4.01 shares to income.